PEOPLE *v.* DAVID.

CRIMINAL LAW—INDICTMENT AND INFORMATION—ASSAULT WITH INTENT TO RAPE—INCLUDED LESSER OFFENSES.
In a prosecution for assault with intent to commit rape, the trial judge was in error in charging the jury that, included within the charge of "assault with intent to commit rape" there is a lesser offense, to wit, "attempted rape," since the only included lesser offense is assault and battery.

Exceptions before judgment from the recorder's court of Detroit; Jeffries (Edward J.), J. Submitted April 16, 1920. (Docket No. 113.) Decided June 7, 1920.

Wladyslaw David was convicted of "attempt at rape." Reversed.

*August Cyrowski,* for appellant.

*Matthew H. Bishop,* Prosecuting Attorney, and *Robert T. Speed,* Assistant Prosecuting Attorney, for the people.

BROOKE, J.   By the information, defendant was charged with an assault with intent to commit rape on a female above the age of 16 years.   The evidence is not returned and but one question is presented upon the record, which arose as follows:   In the course of his charge, the court inquired:

"*The Court:* Is attempted rape a lesser offense than assault with intent to rape?

"*Mr. Kent* (the prosecutor) : I don't think so, your honor.   I looked at the statute yesterday.

"*The Court:* Now, gentlemen of the jury, at common law rape was the carnal knowledge of a female over the age of 10 without consent and under the age of 12 with or without consent.   In this State rape is defined to be the carnal knowledge of a female child without consent over the age of 16 and with or without consent under the age of 16.

"Now, gentlemen of the jury, this is assault with intent to commit rape.   An assault is an offer by violence to do corporeal hurt to another, coupled with the present means or ability to carry it in effect.

" (Now, this charge is assault with intent to commit the rape.   In this, gentlemen of the jury, is also the charge of attempted rape, which is a lesser offense than that of assault with intent to commit rape).   * * *   If you have (a reasonable doubt), give him the benefit of it and acquit him.   If not you may convict him of the charge in the information, which is assault with intent to commit rape.

" (And, gentlemen of the jury, this also contains a lesser charge, this information does,—an attempted rape.   If you do not find him guilty of assault with intent to commit rape, you may find him guilty of an attempted rape, if you believe him guilty of that beyond a reasonable doubt.

"In other words, gentlemen of the jury, you have three possible verdicts.   One is guilty of assault with

intent to commit rape, and the other is guilty of attempted rape, and the other is not guilty.)"

The jury returned a verdict of guilty of "attempt at rape." A motion in arrest of judgment having been denied, defendant now reviews the case in this court on exceptions before sentence.

It is asserted on behalf of the defendant that he was convicted of a crime not known in the law of the State of Michigan and that the court was in error in instructing the jury as set out above. Section 15212, 3 Comp. Laws 1915, provides:

"If any person shall assault any female with intent to commit the crime of rape, he shall be deemed a felonious assaulter, and shall be punished by imprisonment in the State prison not more than ten years, or by fine not exceeding one thousand dollars."

Section 15616 is as follows:

"Upon an indictment for any offense, consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense."

In the case of *People* v. *Abbott,* 97 Mich. 484, this court said:

"The court also erred in instructing the jury that they must convict the respondent of rape, if at all. The information for rape necessarily embraced the offense of an assault with intent to commit the crime of rape, and an assault and battery, and the jury should have been instructed that they might convict him of either of the lesser offenses." Citing *People* v. *McDonald,* 9 Mich. 150; *Hanna* v. *People,* 19 Mich. 316; *Campbell* v. *People,* 34 Mich. 351; *Hall* v. *People,* 47 Mich. 636; *People* v. *Courier,* 79 Mich. 366.

In the case of *People* v. *Harrington,* 186 Mich. 482, where the information was the same as in the case at bar, it was held:

"The court charged the jury that, under the information filed in this case charging respondent with an assault with intent to commit rape, the respondent might be found guilty either of an assault with intent to commit rape or of a simple assault."

We are of the opinion that the learned trial judge was in error in charging the jury that, included within the charge of "assault with intent to commit rape," there is a lesser offense, to wit: "attempted rape." Under the authorities cited, the only included lesser offense would be assault and battery.

The judgment is set aside, and a new trial awarded.

MOORE, C. J., and STEERE, FELLOWS, STONE, and BIRD, JJ., concurred. CLARK and SHARPE, JJ., did not sit.