### PEOPLE *v* BORDERS

1. RAPE—PENETRATION—EVIDENCE—SUFFICIENCY.

   Evidence was insufficient to support a conviction of the crime of rape where the defendant denied penetration, the victim was five months old, there were no eyewitnesses, and the strongest evidence presented to prove the element of penetration was the testimony of a physician that the victim's injury was compatible with the type of injury that would occur when a penis is forcibly introduced into the vagina, but that the injury could have been caused by some other object.

2. CRIMINAL LAW—APPEAL AND ERROR—REVERSAL OF CONVICTION—REMAND FOR CONVICTION OF LESSER INCLUDED OFFENSE.

   A criminal case may be remanded for the entry of judgment of conviction of a lesser included offense, rather than ordering a new trial after reversal on appeal of a conviction because of the failure of proof on one element of the offense, but only if (1) the defendant was convicted of the crime charged, thus excluding the possibility of a compromise verdict by the jury, (2) the new judgment must be for an offense which is a lesser included offense of the crime originally charged, (3) the element on which there was a failure of proof must be an element which raises the greater offense above the lesser, and (4) the record must contain credible evidence which would support a conviction of the lesser offense.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur, Rape § 100 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 938.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 November 4, 1971, at Lansing. (Docket No. 11170.) Decided January 20, 1972. Leave to appeal denied, 387 Mich 778, 788.

Larry Borders was convicted of carnal knowledge of a female under the age of 16. Defendant appeals. Reversed and remanded for entry of judgment of conviction of assault with intent to rape.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Chief Appellate Attorney, for the people.

*Farhat & Burns,* for defendant on appeal.

Before: DANHOF, P. J., and BRONSON and TARGONSKI,[*] JJ.

DANHOF, P. J. After a jury trial the defendant was convicted of carnal knowledge of a female under the age of 16. MCLA 750.520; MSA 28.788. His motion for new trial was denied and he now appeals contending that the people did not produce sufficient evidence to support a jury finding that penetration had been proven beyond a reasonable doubt. It is well-settled that one of the elements of the offense of rape is penetration by the male organ. *People v Rivers,* 147 Mich 643 (1907); *People v Courier,* 79 Mich 366 (1890). We find the defendant's contention to be meritorious and we reverse and remand for entry of a judgment convicting the defendant of assault with intent to rape, MCLA 750.85; MSA 28.280, and for sentencing on that conviction.

---

[*] Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The victim of the alleged crime was a five-month-old infant who suffered injuries in the vaginal area that required medical treatment. The defendant denies his guilt and there were no eyewitnesses. The defendant made several admissions, which were admitted into evidence, but he has always denied using his penis. The defendant was the only adult male who had access to the child at the time the crime was committed, and if she was raped he was the only person who could be guilty. The strongest evidence of penetration was the testimony of a physician who stated that the injury was compatible with the type of injury that would occur when a penis was forcibly introduced into the vagina. However, the injury could have been caused by some other object. Viewing the record as a whole, we hold that the evidence was not sufficient to support a reasonable inference that there had been penetration of the child by the defendant.

We are not unmindful of the fact that penetration may be proved by circumstantial evidence, and that the testimony of a physician showing the condition of the parts is an important item of evidence. *People v Scouten,* 130 Mich 620 (1902). The test for determining the sufficiency of circumstantial evidence was set forth in *People v Aikin,* 66 Mich 460, 483 (1887) as follows:

"The verdict of guilty in a criminal case resting upon circumstantial evidence is built upon a series of facts connected logically together, and one fact succeeding another in a certain order; one fact resting or depending upon another as a result of the proceeding. The material and essential facts necessary to convict, following one another, and each adding strength and conviction to the other and the whole, and which, as a whole, complete a perfect and irresistible chain, must each and every one be es-

tablished and proved. And who can say that this . chain, so formed is a perfect and complete chain to a moral certainty, or beyond a reasonable doubt, if there be a want of such moral certainty or a reasonable doubt as to the existence of one of these links, without which the chain is broken and incomplete? Each necessary link, each and every material and necessary fact upon which a conviction depends, must be proved beyond a reasonable doubt."

In this case the final link in the chain is missing. There was ample evidence, both circumstantial and direct, to support a finding that the defendant had committed a crime. However, there was not sufficient evidence of penetration to support a finding that the crime was rape.

Although the defendant's conviction of rape cannot be sustained, it is not necessary to order a new trial. In cases where the only error is found in a failure of proof on one element of the offense it is sometimes permissible to remand for the entry of a judgment of conviction on a lesser included offense. There are several requirements that must be met before such a disposition can be made. Defendant must have been convicted of the offense with which he was charged, thus excluding the possibility that the jury verdict was the product of a compromise. The new judgment of conviction must be for an offense which is a lesser included offense of the crime originally charged. The element on which there has been a failure of proof must be an element which raises the greater offense above the lesser. The record must contain credible evidence which would support a conviction of the lesser offense. In a case where these requirements were met, a conviction of first-degree murder was reversed and remanded with instructions to enter a judgment of conviction on a charge of second-degree murder.

*People* v *Morrin,* 31 Mich App 301 (1971). In *People* v *McFarland,* 14 Mich App 313 (1968), a conviction of the offense of receiving stolen property over the value of $100 was set aside and the cause remanded for sentencing on conviction of receiving stolen property of the value of $100 or less. In *People* v *Lee,* 14 Mich App 328 (1968), a conviction of breaking and entering with intent to commit larceny was set aside and the cause remanded for sentencing for the crime of breaking and entering.[1]

In the case at bar there is ample evidence to support a verdict of guilty of assault with intent to rape. Since the jury found the defendant guilty of rape it is clear that they found all the elements of the lesser offense.

Reversed and remanded for the entry of a judgment of conviction of the offense of assault with intent to rape and sentencing upon that judgment.

All concurred.

---

[1] For a case involving double jeopardy considerations which are not present here, see *People* v *McPherson,* 21 Mich App 385 (1970).