PEOPLE v CARDIGAN

1. CRIMINAL LAW—LESSER INCLUDED OFFENSE—INSTRUCTIONS TO JURY.
   A judge is not obligated to instruct on a lesser included offense unless the jurors can reasonably infer from the evidence, or lack of it, that the greater offense was not committed and that the lesser offense was.

2. CRIMINAL LAW—LESSER INCLUDED OFFENSE—REFUSAL TO CHARGE.
   Refusal to charge on the lesser included offense of entering an occupied dwelling without permission was not error where the evidence only showed that defendant had committed the greater offense of breaking and entering an occupied dwelling.

3. CRIMINAL LAW—ALIBI—INSTRUCTIONS TO JURY.
   An alibi defense instruction was entirely fair to the defendant where the instruction was a balanced explanation which apprised the jurors of their obligation to both the people and the defendant in appraising the defense; the quality and credence of the testimony regarding the alibi was for the jury to determine.

Appeal from Calhoun, Creighton R. Coleman, J. Submitted Division 3 June 7, 1972, at Grand Rapids. (Docket No. 11685.) Decided June 28, 1972.

Howard Cardigan was convicted of breaking and entering an occupied dwelling. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Stanley Everett,* Prosecuting Attorney, and *J. Thomas Schaeffer,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Trial §§ 796–798.
[3] 53 Am Jur, Trial §§ 540, 654.

*Peter W. Hirsch,* for defendant on appeal.

Before: R. B. BURNS, P. J., and LEVIN and TAR-
GONSKI,* JJ.

PER CURIAM. The defendant, Howard Cardigan,
appeals his conviction of breaking and entering an
occupied dwelling. MCLA 750.110; MSA 28.305.

The trial judge did not err in refusing to charge
on the lesser included offense of entering without
permission. MCLA 750.115; MSA 28.310. A judge
is not obliged to instruct on a lesser offense unless
the jurors can reasonably infer from the evidence,
or lack of evidence, that the greater offense was
not committed and that the lesser offense was
committed. *People v Gregory Thomas,* 38 Mich
App 777, 779 (1972); *People v Membres,* 34 Mich
App 224 (1971).

Here the evidence shows only that the greater
offense, breaking and entering an occupied dwell-
ing, was committed. There was no conflict in the
testimony of the people's witnesses. The testimony
of the people's witnesses was not impeached. The
defense was alibi.

Nor do we find error in the instruction concern-
ing the alibi defense. Read in context, the instruc-
tion was a balanced explanation of the nature of
the defense which apprised the jurors of their
obligation to both the people and the defendant in
appraising the defense. It was entirely fair to the
defendant. The "quality and credence of the testi-
mony was for the jury to determine". *People v
Hudson,* 386 Mich 665, 671 (1972).

Affirmed.

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.