## PEOPLE v RAY

1. HOMICIDE—MURDER—PREMEDITATION—JURY QUESTION.

   The issue of a defendant's premeditation in a murder trial is a jury question.

2. HOMICIDE—MURDER—FIRST-DEGREE MURDER—JURY CHARGE—PRE-MEDITATION—EVIDENCE.

   No charge on first-degree murder should be given where there is no evidence from which a jury could draw a reasonable inference of premeditation.

3. HOMICIDE—MURDER—FIRST-DEGREE MURDER—INSTRUCTIONS TO JURY—PREMEDITATION—REFLECTION—SECOND LOOK—EVIDENCE.

   Evidence was sufficient to support an inference of premeditation in a murder trial and an instruction on first-degree murder was appropriate where the evidence most favorable to the state showed the defendant had sufficient time for orderly reflection and where the evidence, if believed, met the requirement that the interval between the initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a second look.

4. HOMICIDE—MURDER—FIRST-DEGREE MURDER—PREMEDITATION—DE-LIBERATION—REFLECTION—APPRECIABLE TIME.

   A killing is deliberate and premeditated if, and only if, it results from real and substantial reflection; it is not sufficient that the idea be fully formed and acted upon; it must be pondered over and weighed in the mind; the intent to kill must be turned over in the mind and given a second thought; the law does not attempt to set a period of time for this requirement in terms of hours, or minutes or even seconds, but premeditation takes some appreciable time.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 40 Am Jur 2d, Homicide § 472.

   Homicide: presumption of deliberation or premeditation from circumstances attending the killing. 96 ALR2d 1435.

[3] 40 Am Jur 2d, Homicide § 509.

[4–7] 40 Am Jur 2d, Homicide §§ 438, 439.

[8, 9] 21 Am Jur 2d, Criminal Law §§ 185, 494.

5. HOMICIDE—MURDER—FIRST-DEGREE MURDER—REQUIREMENTS—IN-
   TENT—DELIBERATION—REFLECTION.

   There are three basic requirements for murder in the first degree,
   in addition to the requirement that the homicide must be
   murder within the rules of the common law: the first of these is
   that the homicide be intentional; the second is that the intent
   to kill must be formed by a mind that is cool rather than one
   that is unreasonably inflamed or excited; and the third is that
   the thought of taking the victim's life must have been reflected
   upon for some appreciable length of time before it was carried
   into effect, although not necessarily after the fatal decision was
   made.

6. HOMICIDE—MURDER—MALICE AFORETHOUGHT—EVIDENCE—INFER-
   ENCES.

   Malice aforethought is the intention to kill, actual or implied,
   under circumstances which do not constitute excuse or justifica-
   tion or mitigate the degree of the offense to manslaughter; this
   intent need not be proved by direct positive evidence, it may
   also be shown by inference.

7. HOMICIDE—MURDER—MALICE AFORETHOUGHT—INTENT TO KILL—
   INSTRUCTIONS TO JURY.

   Testimony in a murder trial that the defendant fired five shots at
   police officers from close range supports the inference of an
   intent to kill; therefore, jury instructions on murder were
   warranted.

8. HOMICIDE—ASSAULT WITH INTENT TO MURDER—LESSER INCLUDED
   OFFENSES—ASSAULT AND BATTERY.

   Assault with intent to murder does not include the offense of
   assault and battery.

9. HOMICIDE—INSTRUCTIONS TO JURY—ASSAULT WITH INTENT TO MUR-
   DER—LESSER INCLUDED OFFENSES—EVIDENCE.

   Failure to give instructions on simple assault as a lesser included
   offense of assault with intent to murder was proper where
   there was no evidence to support a charge of simple assault.

Appeal from Recorder's Court of Detroit, Henry
L. Heading, J. Submitted Division 1 November 6,
1974, at Detroit. (Docket Nos. 17110–17111.) De-
cided November 26, 1974.

George Ray was convicted of manslaughter and felonious assault. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant.

Before: J. H. GILLIS, P. J., and ALLEN and PETERSON,* JJ.

J. H. GILLIS, P. J. Defendant was charged with first-degree murder[1] and found guilty of manslaughter.[2] On a second count, he was charged with assault with intent to murder,[3] and found guilty of felonious assault.[4] Defendant was sentenced to 10 to 15 years imprisonment on the manslaughter conviction and 2 to 4 years on the felonious assault conviction. He appeals as of right.

Defendant first contends that there was no evidence of either premeditation or malice here, and thus it was error for the trial judge to instruct the jury on both first and second-degree murder. If these contentions are correct, there was reversible error committed even though defendant was convicted of the lesser included offense of manslaughter. The possibility of a compromise verdict cannot be excluded. *People v Hansen,* 368 Mich 344; 118

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 750.316; MSA 28.548.

[2] MCLA 750.321; MSA 28.553.

[3] MCLA 750.83; MSA 28.278.

[4] MCLA 750.82; MSA 28.277.

NW2d 422 (1962). However, the record reveals sufficient evidence of both malice and premeditation to warrant jury instructions on first and second-degree murder.

The issue of defendant's premeditation is a jury question. If there is no evidence from which the jury could draw a reasonable inference of premeditation, there should be no charge on first-degree murder. *People v Meier,* 47 Mich App 179; 209 NW2d 311 (1973). The question we must first deal with, then, is whether there was sufficient evidence introduced at trial to fairly support an inference of premeditation and deliberation. *People v Morrin,* 31 Mich App 301, 331; 187 NW2d 434, 450 (1971).

The evidence most favorable to the prosecution showed the following. At 2 p.m. on July 31, 1972, four plain-clothed policemen came to defendant's apartment looking for a man named Eric. The police testified that they knocked at the door, announced themselves to be "police", and requested entry. Obtaining no response, they repeated their actions some 10–30 seconds later. Between the first and second series of knocks, one of the policemen held up his police identification card so that it could be seen through the apartment door peephole. After the second series of knocks, the police turned to leave. At that point, the apartment door opened approximately two inches. Assuming that the occupant was allowing them to enter, one of the officers pushed the door open a total of four inches. He saw defendant inside. At that instant, defendant fired five shots at the police, killing one and wounding another.

We hold that this evidence was sufficient to support an inference of premeditation. If believed, it meets the requirement that "the interval be-

tween the initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look' ". *Morrin, supra,* at 31 Mich App 330; 187 NW2d 449.[5] The evidence most favorable to the state shows that defendant had sufficient time for orderly reflection.

In this case, defendant offered testimony to show that the police did not identify themselves as such, that they did not show any identification, that his apartment had been robbed by armed men a month earlier, and that the police kicked his door down to gain entrance. The jury obviously considered this testimony, as evidenced by their return of a manslaughter verdict. They ultimately found

[5] In *People v Morrin,* 31 Mich App 301, 330; 187 NW2d 434, 449 (1971) (fn 46), the Court quoted from Perkins on Criminal Law (2d Ed) pp 91–93:

" 'An additional requirement of this particular clause [wilful, deliberate and premeditated] is that this intent be formed by a mind free from undue excitement. "Deliberation means that the act is done in a cool state of blood."

" ' * * * "Premeditation means 'thought of beforehand' for some length of time, however short." * * * The notion that a fully-formed intent is always deliberate and premeditated, no matter how short the time between the first thought of the matter and the execution of the plan, is preposterous. * * *

" 'The sound interpretation of such a statute is that a killing is deliberate and premeditated if, and only if, it results from real and substantial reflection. It is not sufficient that the idea be fully formed and acted upon; it must be pondered over and weighed in the mind. The intent to kill must be turned over in the mind and given a "second thought". It is true the law does not attempt to set a period of time for this requirement in terms of hours, or minutes or even seconds; but premeditation takes "some appreciable time". * * *

" '[T]here are three basic requirements for murder in the first degree, in addition to the requirement that the homicide must be murder within the rules of the common law. The first of these is that the homicide be intentional; the second is that the intent to kill must be formed by a mind that is cool rather than one that is unreasonably inflamed or excited; and the third is that the thought of taking the victim's life must have been reflected upon for some appreciable length of time *before* it was carried into effect, although not necessarily *after* the fatal decision was made. Needless to add, deliberation, premeditation and malice may all be inferred from sufficiently probative facts and circumstances.' "

no premeditation. Nonetheless, there was competent evidence introduced to infer premeditation, and thus the instruction on first-degree murder was appropriate.

Defendant further argues that there was insufficient evidence presented at the trial to show malice aforethought. If this contention is true, both the first and second-degree murder charges to the jury were inappropriate.

Malice aforethought is the intention to kill, actual or implied, under circumstances which do not constitute excuse or justification or mitigate the degree of the offense to manslaughter.[6] This intent need not be proved by direct positive evidence, it may also be shown by inference. *Roberts v People,* 19 Mich 401 (1870). The use of a lethal weapon will support an inference of an intent to kill. *People v Garcia,* 36 Mich App 141; 193 NW2d 187 (1971); *People v McKeller,* 30 Mich App 135; 185 NW2d 905 (1971). In this case the prosecution's testimony that defendant fired five shots at the police officers from close range supports the inference of an intent to kill from these facts and warranted the instructions given.

Defendant also argues that the failure of the trial judge to give instructions on simple assault and assault and battery as lesser included offenses of assault with intent to murder requires reversal on that count. Assault with intent to murder does not include the offense of assault and battery. *People v Stram,* 40 Mich App 249; 198 NW2d 753 (1972). A trial judge should refuse a requested instruction when no evidence has been introduced to support a conviction on a lesser included offense. *People v Hearn,* 354 Mich 468; 93 NW2d 302 (1958). In this case, there is no evidence to support

---

[6] *Morrin, supra,* 31 Mich App 310–311; 187 NW2d 438 (1971).

a charge of simple assault. It is uncontroverted that defendant shot and killed the police officer. The trial judge correctly refused to give the requested instruction.

Affirmed.

All concurred.