## PEOPLE v HERBERT ROSS

1. CRIMINAL LAW—INCLUDED OFFENSES—NECESSARILY INCLUDED OF-
   FENSES—GREATER OFFENSES—ELEMENTS.

   A "necessarily included" offense is an offense which necessarily
   must be committed before commission of the greater offense is
   possible, and the greater offense must include all of the legal
   and factual elements of the "necessarily included" lesser of-
   fense.

2. CRIMINAL LAW—COGNATE OFFENSES—GREATER OFFENSES—SHARED
   ELEMENTS—SAME CLASS OF OFFENSES.

   A "cognate offense" is an offense which contains some elements
   which are not contained in a greater offense but which is
   related to the greater offense by the fact that it shares several
   of the elements of the greater offense and is of the same class
   or category.

3. ASSAULT AND BATTERY—CRIMINAL LAW—INCLUDED OFFENSES—IN-
   TENT TO MURDER.

   Assault and battery is not an offense which is necessarily in-
   cluded within the crime of assault with intent to murder.

4. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OF-
   FENSES—ASSAULT AND BATTERY—ASSAULT WITH INTENT TO
   MURDER.

   A trial judge should have given instructions to the jury on the
   lesser included offense of assault and battery in a defendant's
   trial on a charge of assault with intent to murder where the
   evidence adduced at trial would have supported a conviction on
   an assault and battery charge; however, the failure to so
   instruct does not require reversal where the jury was in-
   structed on the lesser included offenses of assault with intent to
   do great bodily harm less than murder and felonious assault,

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 6, 8] 21 Am Jur 2d, Criminal Law § 9.
[3–6] 6 Am Jur 2d, Assault and Battery § 56 et seq.
[4, 5] 40 Am Jur 2d, Homicide § 535.
[4, 7, 8] 75 Am Jur 2d, Trial § 876 et seq.
[6–8] 65 Am Jur 2d, Rape §§ 20–25, 32.

thereby giving the jury the option of finding the defendant guilty of an offense lesser than the charged offense but the verdict was guilty of the charged offense.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—LESSER INCLUDED OFFENSES—ASSAULT AND BATTERY—MAXIMUM INCARCERATION.

A trial judge's failure to give a jury instruction on the lesser included offense of assault and battery in a trial for assault with intent to murder was not reversible error where a jury on retrial could not be instructed any differently than they were at the original trial because of the rule which prohibits an instruction on lesser included offenses for which the maximum allowable incarceration period is one year or less in any case in which the charged offense is punishable by incarceration for more than two years.

6. RAPE—INCLUDED OFFENSES—ATTEMPTED RAPE—ASSAULT WITH INTENT TO RAPE.

Attempted rape is an offense necessarily included within the crime of assault with intent to rape.

7. CRIMINAL LAW—INSTRUCTIONS TO JURY—NECESSARILY INCLUDED LESSER OFFENSES—GREATER OFFENSE.

A trial judge must always instruct the jury on a necessarily included lesser offense because the evidence produced at trial will always support the lesser offense if it supports the greater offense; this is so even though the undisputed evidence may be compatible only with a verdict of guilty of the greater offense or not guilty.

8. RAPE—INSTRUCTIONS TO JURY—APPEAL AND ERROR—REMEDY—LESSER INCLUDED OFFENSES—JUDGMENT ON LESSER OFFENSE—PROSECUTOR'S OPTION.

The remedy for a trial judge's error in refusing to instruct a jury on the lesser included offense of attempted rape in a case where the defendant was charged with and convicted of assault with intent to rape is to remand for the entry of a judgment of conviction of the lesser included offense of attempted rape and for a resentencing; however, if the prosecuting attorney is of the opinion that justice would be better served by a retrial on the original charge, the trial court should, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction and grant a new trial on the charge of assault with intent to rape.

Appeal from Recorder's Court of Detroit, Samuel

C. Gardner, J. Submitted November 8, 1976, at Detroit. (Docket No. 25961.) Decided February 3, 1977.

Herbert Ross, Jr., was convicted of assault with intent to murder and assault with intent to rape. Defendant appeals by leave granted. Affirmed in part, modified in part and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *N. McKinley Tounsel,* Assistant Prosecuting Attorney, for the people.

*Robert E. Berg,* for defendant.

Before: D. F. Walsh, P. J., and R. B. Burns and O. B. Bivins, Jr.,* JJ.

Per Curiam. Defendant was charged in a two count information with assault with intent to murder[1] and assault with intent to rape.[2] Following a jury trial in Detroit Recorder's Court defendant was convicted of both offenses. He was sentenced to a prison term of 20 to 30 years on the first count and 6-1/2 to 10 years on the second count. By order dated November 15, 1975, this court granted defendant's application for delayed appeal.

Defendant raises three issues on appeal, only one of which merits discussion.

As to count 1 of the information the trial court instructed the jury that their verdict could be

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCLA 750.83; MSA 28.278.

[2] MCLA 750.85; MSA 28.280.

guilty of assault with intent to murder, guilty of assault with intent to do great bodily harm less than murder, guilty of felonious assault, or not guilty. As to count 2 the jury was instructed that their verdict could be guilty of assault with intent to rape or not guilty.

The defendant requested instructions on assault and battery on count 1 and attempted rape on count 2. Both requests were refused.

The rules governing the necessity of instructing on lesser included offenses have recently been reviewed and expanded in *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), and *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975). In *Ora Jones* the Court said:

"The duty of the trial judge to instruct on lesser included offenses is determined by the evidence. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971). If evidence has been presented which would support a conviction of a lesser included offense, refusal to give a requested instruction is reversible error. *Id,* at 36. *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889).

"If the lesser offense is one that is necessarily included within the greater, the evidence will always support the lesser if it supports the greater.

"In the area of 'cognate' lesser offenses, the evidence in each case adduced at the particular trial must be examined to determine whether that evidence would support a conviction of the lesser offense." *Id,* at 390.

A "necessarily included" offense is one which necessarily must be committed before commission of the greater offense is possible. The greater offense must include all the legal and factual elements of the "necessarily included" lesser offense. A "cognate offense" is an offense which contains some elements not contained in the greater offense but which is related to the greater

offense by the fact that it shares several of the elements of the greater offense and is of the same class or category. *People v Ora Jones, supra.*

Assault and battery is not an offense necessarily included within the crime of assault with intent to murder. *People v Ora Jones, supra, People v Ray,* 56 Mich App 610; 224 NW2d 735 (1974), *People v Stram,* 40 Mich App 249; 198 NW2d 753 (1972).

We must examine the evidence in this particular case, therefore, to determine whether that evidence would support a conviction of the lesser offense. Applying the test established in *People v Chamblis, supra,* we conclude that it would. If defendant had been originally charged only with assault and battery the evidence adduced at trial would have supported a guilty verdict. The requested instruction therefore should have been given. See *People v Chamblis, supra,* at 423.

Reversal is not required, however, for two reasons. First, the defendant was convicted of the charged offense even though instructions were given on the two lesser offenses of assault with intent to do great bodily harm less than murder and felonious assault. If the jury had doubts about defendant's guilt of the charged offense but believed him to be guilty of some wrongdoing they could have found him guilty of one of the lesser offenses. They did not do so. We must conclude, therefore, that the jury had no reasonable doubt as to the defendant's guilt of the charged offense. Second, on retrial the jury could not be instructed any differently than they were at the original trial because of the rule announced in *Chamblis, supra,* prohibiting instruction on lesser included offenses for which the maximum allowable incarceration period is one year or less in any case in which the charged offense is punishable by incarceration for more than two years.

Defendant's conviction of the offense of assault with intent to murder is therefore affirmed.

Attempted rape is an offense necessarily included within the crime of assault with intent to rape. *People v Patskan,* 387 Mich 701, 713; 199 NW2d 458 (1972).[3] Although the undisputed evidence may be compatible only with a verdict of guilty of the greater offense or not guilty, the trial court must always instruct, nevertheless, on a necessarily included lesser offense since the Supreme Court has ruled that in such a case "the evidence will always support the lesser if it supports the greater". *People v Ora Jones, supra,* at 390, *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976).[4]

---

[3] The prosecutor relies on *People v David,* 211 Mich 50; 178 NW 67 (1920), as authority for the proposition that attempted rape is not a necessarily included offense of assault with intent to rape. While we concur that *David* supports that proposition we decline to follow it since our reading of *People v Patskan, supra,* leads us to the conclusion that David, insofar as it is inconsistent with the rationale of *Patskan,* has been implicitly overruled.

[4] It has always been recognized in this state that the duty of the trial judge to instruct on lesser included offenses is determined by the evidence. If there has been evidence adduced at trial which would support a conviction of the lesser included offense, refusal to give a requested instruction on that offense is reversible error. *People v Phillips,* 385 Mich 30; 187 NW2d 211 (1971), *People v Hamilton,* 76 Mich 212; 42 NW 1131 (1889).

It is in the area of determining when the evidence adduced at trial supports a conviction of a lesser included offense that *Chamblis, supra,* and *Ora Jones, supra,* appear to have changed the rule of law formerly followed in this state. Prior to *Chamblis* and *Ora Jones* it was generally recognized that evidence supporting a greater offense would *not* always support a lesser offense even if the lesser offense were of the genre described in *Ora Jones* as "necessarily included". If the evidence was consistent only with a verdict of guilty of the charged offense or not guilty it was not error for the trial court to refuse to instruct even on a necessarily included lesser offense. *See People v Hearn,* 354 Mich 468; 93 NW2d 302 (1958), *People v Utter,* 217 Mich 74; 185 NW 830 (1921), *People v Repke,* 103 Mich 459; 61 NW 861 (1895), *People v Cardigan,* 41 Mich App 629; 200 NW2d 446 (1972). *See also, People v Gregory Thomas,* 38 Mich App 777, 779; 197 NW2d 97 (1972), in which Judge (now Justice) LEVIN stated the rule as follows:

"The rule is that entitlement to a charge on a lesser included

We must conclude, therefore, that the trial court erred in refusing to instruct the jury on attempted rape. However, we must also conclude that the jury found that the crime of attempted rape had been committed since they found the defendant guilty of the greater offense of assault with intent to rape.

We, therefore, adopt the remedy employed by the Supreme Court in *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), and noted with approval in *People v Hoffmeister,* 394 Mich 155, 157, fn 1; 229 NW2d 305, 306, fn 1 (1975). The present case is remanded for entry of a judgment of conviction of the lesser included offense of attempted rape and for resentencing. If the prosecuting attorney is of the opinion, however, that justice would be better served, the trial court shall, upon notification by the prosecutor prior to resentencing, vacate the judgment of conviction and grant a new trial on the charge of assault with intent to rape. *Cf., People v Allen,* 390 Mich 383; 212 NW2d 21 (1973), *People v Borders,* 37 Mich App 769; 195 NW2d 331 (1972).

Affirmed in part; modified in part. Remanded.

---

offense largely turns on whether, on view of the evidence favorable to the defendant, there is evidence which would justify the jury in concluding that the greater offense was *not* committed and a lesser included offense was committed." (Emphasis supplied.)

This rule was expressly repudiated in *Chamblis. People v Chamblis, supra,* at 419–420.

Decisions of the Supreme Court which change existing rules of law are normally applied prospectively only. It should be noted, however, that although *Chamblis* and *Ora Jones* appear to have changed the rules for determining whether or not the evidence adduced at trial supports conviction of a lesser included offense the rule announced in *Ora Jones* relating to necessarily included offenses has been applied by the Supreme Court retroactively in *People v Lovett,* 396 Mich 101; 238 NW2d 44 (1976).