WAYNE COUNTY PROSECUTOR v RECORDER'S COURT JUDGE
(PEOPLE v BUCKNER)

Docket No. 77-3699. Submitted June 8, 1979, at Detroit.—Decided August 21, 1979.

Sandra Buckner was charged with second-degree murder in the shooting death of her husband. Recorder's Court of Detroit, Samuel C. Gardner, J., refused to bind Ms. Buckner over for trial on the ground that the shooting was in self-defense. The Wayne County Prosecuting Attorney sought superintending control in Wayne Circuit Court. James N. Canham, J., denied superintending control on grounds that the magistrate did not abuse his discretion in refusing to bind over. The prosecutor appeals. *Held:*

The magistrate abused his discretion in refusing to bind Ms. Buckner over for trial. There was credible evidence both supporting and negating the existence of malice; therefore, a question of fact was presented which should have been left for jury consideration.

Reversed and remanded.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — WITNESSES — CREDIBILITY — DISCRETION — APPEAL AND ERROR.

A magistrate may weigh the credibility of witnesses and reject testimony he does not find credible at a preliminary examination to determine whether a defendant charged with a crime should be bound over for trial; where he refuses to bind a defendant over the question on appeal is whether his decision was an abuse of discretion.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — PROSECUTORS — ELEMENTS OF CRIME — EVIDENCE.

A prosecutor must produce evidence to establish each element of the charged offense at a preliminary examination or evidence from which those elements may be inferred.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 21 Am Jur 2d, Criminal Law §§ 449-451.
Propriety of consideration of credibility of witnesses in determining possible cause at state preliminary hearing. 84 ALR3d 811.
[3] 40 Am Jur 2d, Homicide § 265.

3. HOMICIDE — MALICE — DEADLY WEAPON — INFERENCES.

 The element of malice may be inferred from the use of a deadly weapon.

4. HOMICIDE — PRELIMINARY EXAMINATION — MAGISTRATES — CONFLICTING EVIDENCE — MALICE — QUESTIONS OF FACT — JURY.

 It is not the function of an examining magistrate to carefully weigh the evidence and discharge the accused when the evidence conflicts or raises a reasonable doubt of his guilt; such questions should be left for the jury; at a preliminary examination of an accused charged with murder, where there is credible evidence both supporting and negating the existence of malice, a question of fact is presented which should be left for jury consideration.

*William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Alphonso R. Harper* (by *A. George Best, II),* for defendant Recorder's Court Judge.

Before: R. M. MAHER, P.J., and BRONSON and A. E. MOORE,\* JJ.

PER CURIAM. The Wayne County Prosecutor brings this appeal as of right from an order of the Wayne County Circuit Court denying plaintiff's petition for an order of superintending control requiring defendant Recorder's Court Judge Samuel C. Gardner to bind over one Sandra Buckner on a charge of second-degree murder.

Sandra Buckner was charged in a one-count information with second-degree murder, MCL 750.317; MSA 28.549, in the shooting death of her

---

\* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

husband. At the preliminary examination on the charge, defendant's eight-year-old son testified that he was present in the home on the day of the shooting, that defendant and the deceased were arguing about money, that deceased struck defendant and that defendant got a gun. The deceased left the house, but returned after a short time, and the dispute continued. The boy saw the gun in his mother's hand before being sent from the room. From another room, he heard his stepfather say, "Go ahead and shoot me". He heard shots, and looked into the living room to find his mother calling the police. The only other witness presented by the prosecution was the medical examiner, who testified that the autopsy revealed the cause of death to be multiple gunshot wounds: one to the right side of the neck, one to the left chest, one to the left abdomen, two to the back of the body and one to the side.

Defendant testified on her own behalf, in opposition to the bindover. She testified that, on the day of the shooting, her husband was drunk and belligerent. They quarrelled and he struck her, knocking her down. She got the gun from the bedroom and told him to leave her alone. He threatened to kill her and walked toward her, backing her into a corner. He threatened to take the gun and beat her to death with it, and reached toward her. She began screaming, and he fell to the floor. She then called the police. Ms. Buckner testified that she had no memory of shooting her husband.

The prosecutor moved to bind over and defense counsel objected on grounds that the evidence established that the shooting was done in self-defense. The prosecutor argued that the evidence that the deceased was shot six times, twice in the back, raised a jury question on the issue of self-defense. The magistrate, however, refused to bind

over, stating that he believed that it was self-defense.

The prosecutor sought a writ of superintending control in Wayne County Circuit Court. The writ was denied on grounds that the magistrate did not abuse his discretion in refusing to bind over. We disagree, and reverse.

Respondent magistrate argues in his brief on appeal that he properly weighed the evidence and the credibility of the witnesses, and concluded that the prosecution did not establish the element of malice, citing *People v Paille #2,* 383 Mich 621; 178 NW2d 465 (1970). While we agree that the magistrate may weigh the credibility of witnesses and reject testimony which he does not find credible, that is not the situation presented in this case. In *Paille, supra,* the sole evidence that the crime charged had been committed was the testimony of alleged eyewitnesses, which the magistrate characterized as so incredible that it "could not possibly convince a disinterested arbiter of facts of their good faith or their truthfulness", quoted in *Paille, supra,* at 624. In the case before us, the evidence consisted of the testimony of defendant and her son and the evidence of the medical examiner that the deceased was shot six times, including two shots in the back. The magistrate made no finding that he found any of the testimony incredible.

The magistrate having heard and considered all evidence presented, the question becomes whether he abused his discretion in refusing to bind over, see *People v Paille #2, supra.* At the preliminary examination, the prosecutor must produce evidence to establish each element of the offense, or "evidence from which those elements may be inferred", *People v Oster,* 67 Mich App 490, 494; 241 NW2d 260 (1976). Although respondent concedes

that malice may be inferred from use of a deadly weapon, he argues that such an inference may not be drawn where there is evidence to the contrary. We find no support in recent case law for such a proposition, see *People v Juniel*, 62 Mich App 529; 233 NW2d 635 (1975), *People v Ray*, 56 Mich App 610; 224 NW2d 735 (1974). Nor does the early case cited by respondent support the proposition, for there was evidence of self-defense in the cited case, *People v Collins*, 166 Mich 4; 131 NW 78 (1911).

The limited function of the magistrate in weighing conflicting testimony was well stated in *People v Oster, supra,* at 496:

"It must be remembered that it is not the function of the examining magistrate to carefully weigh the evidence and discharge the accused when the evidence conflicts or raises a reasonable doubt of his guilt; such questions should be left for the jury. *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954)."

Accord, *People v Doss,* 406 Mich 90; 276 NW2d 9 (1979). In the case at bar, there was credible evidence both supporting and negating the existence of malice, presenting a question of fact which should have been left for a jury.

We are of the opinion that the magistrate abused his discretion in refusing to bind the defendant over on the facts of this case. The order of the circuit court is reversed and the case is remanded to the Recorder's Court with instructions to bind defendant Sandra Buckner over for trial on a charge of second-degree murder.