PEOPLE v MOSKO

Docket No. 92066. Decided December 18, 1992. On application by the defendant for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgments of the Court of Appeals and the circuit court.

Billy D. Mosko was convicted by a jury in the Oakland Circuit Court, Jessica R. Cooper, J., of first-degree criminal sexual conduct. The Court of Appeals, WEAVER and DOCTOROFF, JJ. (GILLIS, P.J., concurring in part and dissenting in part), affirmed, finding that while the circuit court erred in refusing to give a requested instruction on third-degree criminal sexual conduct, the error was harmless (Docket No. 119026). The defendant seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice CAVANAGH, and Justices BRICKLEY, RILEY, GRIFFIN, and MALLETT, the Supreme Court *held*:

Because third-degree criminal sexual conduct is necessarily included within the charged first-degree criminal sexual conduct, refusal to give a requested instruction on third-degree criminal sexual conduct was error. The error was harmless, however. On the basis of the facts of this case, first- and third-degree criminal sexual conduct are distinguished only by the presence or absence of the familial relationship described in MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii). Because the defense acknowledged the relationship, the error was harmless.

Justice BOYLE concurred only in the result.

Affirmed.

Justice LEVIN, dissenting, stated that leave to appeal should be denied. The opinion of the Court of Appeals is binding, and the issue is settled unless the Supreme Court were to grant leave to appeal and reach a different decision, or the same decision on a different analysis. Peremptory disposition without plenary consideration, full briefing, oral argument, and an opportunity for the profession to file briefs as amici curiae should be reserved for cases in which the law is settled and factual assessment is not required. In this case, legal assessment is required, and thus peremptory disposition is not appropriate.

190 Mich App 204; 475 NW2d 866 (1991) affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

William David Mosko in propria persona.

PER CURIAM. At the conclusion of a jury trial, the defendant was found guilty of first-degree criminal sexual conduct. The Court of Appeals affirmed the defendant's conviction, rejecting his argument that the circuit court committed an error that required reversal when it failed to give a requested instruction on third-degree CSC. We agree that the defendant's conviction should be affirmed.

I

The defendant was charged with first-degree CSC, following a report by a young relative that he had sexually abused her. MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii). The matter was tried before a jury in circuit court. The prosecution introduced testimony that satisfied the elements of the statute,[1] while the defendant unequivocally denied the charge against him:

----

[1] In pertinent part, the statutory proscription provides:

(1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if any of the following circumstances exists:

(b) That other person is at least 13 but less than 16 years of age and any of the following:

(ii) The actor is related to the victim by blood or affinity to the fourth degree. [MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii).]

I never done anything improper at all with [the victim]. I never touched her in any way.

Following the close of proofs, the defendant asked the circuit court to instruct the jury on the elements of second-, third-, and fourth-degree CSC. The court agreed only to instruct on second-degree CSC.[2] MCL 750.520c(1)(b)(ii); MSA 28.788(3)(1)(b)(ii). The court denied the request for an instruction on third-degree CSC.[3] MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). The court likewise refused to instruct on fourth-degree criminal sexual conduct.[4]

---

[2] The relevant portion of that statutory section provides:

(1) A person is guilty of criminal sexual conduct in the *second* degree if the person engages in sexual *contact* with another person and if any of the following circumstances exists:

(b) That other person is at least 13 but less than 16 years of age and any of the following:

(ii) The actor is related by blood or affinity to the fourth degree to the victim. [MCL 750.520c(1)(b)(ii); MSA 28.788(3)(1)(b)(ii). Emphasis supplied.]

[3] That statutory provision is the same as the first-degree CSC charge that was laid against this defendant, except that the prosecution need not prove the familial relationship:

(1) A person is guilty of criminal sexual conduct in the *third* degree if the person engages in sexual *penetration* with another person and if any of the following circumstances exists:

(a) That other person is at least 13 but less than 16 years of age. [MCL 750.520d(1)(a); MSA 28.788(4)(1)(a). Emphasis supplied.]

[4] At the time of the events giving rise to this prosecution, the statute provided:

(1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if either of the following circumstances exists:

(a) Force or coercion is used to accomplish the sexual contact. Force or coercion includes but is not limited to any of the circumstances listed in [MCL 750.520b(1)(f)(i) to (iv); MSA 28.788(2)(1)(f)(i) to (iv)].

(b) The actor knows or has reason to know that the victim is

MCL 750.520e(1); MSA 28.788(5)(1).

A two-judge majority of the Court of Appeals panel affirmed the defendant's conviction.[5] 190 Mich App 204; 475 NW2d 866 (1991). The Court said that the circuit court had not erred in refusing to give an instruction on fourth-degree CSC, but that it had been error to refuse the request for an instruction on third-degree CSC. However, the Court of Appeals found the error to have been harmless.

The dissenting judge said that the error of failing to give an instruction on third-degree CSC was not harmless. He would have remanded the case for entry of a judgment of conviction of third-degree CSC, with the prosecutor being given the option to retry the defendant on the original charge of first-degree CSC.

The defendant has applied to this Court for leave to appeal.

II

In *People v Ora Jones,* 395 Mich 379, 387; 236 NW2d 461 (1975),[6] this Court explained the difference between a lesser offense that is necessarily included and a lesser offense that is a cognate offense:

> The common-law definition of lesser included offenses is that the lesser must be such that it is impossible to commit the greater without first having committed the lesser. 4 Wharton, Criminal

mentally incapable, mentally incapacitated, or physically helpless. [MCL 750.520e(1); MSA 28.788(5)(1). This section was later amended by 1988 PA 86.]

[5] The Court of Appeals remanded the case for resentencing on grounds unrelated to the issue discussed in the present opinion.

[6] Reh den 396 Mich 976 (1976).

Law and Procedure, § 1799. This definition in-
cludes only *necessarily* included lesser offenses.
This definition, however, is generally conceded to
be unduly restrictive, and thus most jurisdictions,
including Michigan, have statutes that are broadly
construed to permit conviction of "cognate" or
allied offenses of the same nature, under a suffi-
cient charge. These lesser offenses are related and
hence "cognate" in the sense that they share
several elements, and are in the same class or
category, but may contain some elements not
found in the higher offense. [Emphasis in original.]

Employing that distinction, this Court then ex-
plained the circumstances under which a trial
court is required to give an instruction on a lesser
offense:

The duty of the trial judge to instruct on lesser
included offenses is determined by the evidence.
*People v Phillips,* 385 Mich 30; 187 NW2d 211
(1971). If evidence has been presented which would
support a conviction of a lesser included offense,
refusal to give a requested instruction is reversible
error. *Id.* at 36. *People v Hamilton,* 76 Mich 212;
42 NW 1131 (1889).

If the lesser offense is one that is necessarily
included within the greater, the evidence will
always support the lesser if it supports the
greater.

In the area of "cognate" lesser offenses, the
evidence in each case adduced at the particular
trial must be examined to determine whether that
evidence would support a conviction of the lesser
offense. . . .

Because the evidence adduced at trial would
have supported a guilty verdict on the [cognate
lesser] offense . . . , the trial court was required to
accede to defendant's request to instruct the jury
that such offense was a lesser included offense of
the charge . . . . [395 Mich 390.]

This rule was later summarized in *People v Kamin,* 405 Mich 482, 493; 275 NW2d 777 (1979):

> Pursuant to *People v Ora Jones,* 395 Mich 379; 236 NW2d 461 (1975), and *People v Chamblis,* 395 Mich 408; 236 NW2d 473 (1975), it is clear that a defendant has a right upon request to have the jury instructed on necessarily included offenses. Further, a defendant has a right upon request to jury instructions on those cognate lesser included offenses which are supported by record evidence.
>
> The automatic instruction rule for necessarily lesser included offenses removed the need for the trial judges to review the record in order to determine whether or not there is evidence to support a verdict on the lesser offense. Review of the record for evidentiary support is now in order only when the defense requests that the jury be instructed on a cognate lesser included offense.

These principles remain sound. Reviewing the record of this matter, we agree with the Court of Appeals that, in this case, third-degree CSC is necessarily included within the charged offense of first-degree CSC. Thus the Court of Appeals correctly held that the circuit court erred in its refusal to give the requested instruction on third-degree CSC.[7]

III

Our determination that the circuit court erred in failing to instruct the jury on third-degree CSC does not end the inquiry, however. There remain the questions whether an error of this sort can be harmless and, if so, whether it was harmless in the present case.

The Court of Appeals correctly observed that a

---

[7] We also agree with the Court of Appeals that the circuit court did not err when it refused to give the requested instruction for fourth-degree CSC in this case.

harmless error analysis is properly employed where a court errs by failing to give a requested instruction on a cognate offense. *People v Beach,* 429 Mich 450; 418 NW2d 861 (1988). However, we reserved in *Beach* the question whether a harmless error analysis is appropriate where a trial court errs by failing to give a requested instruction on a necessarily included offense. *Id.,* 429 Mich 465-466.

In the present case, the Court of Appeals urged that a harmless error analysis be applied where there is a failure to instruct on a necessarily included offense:

> Our Supreme Court has adopted a harmless error analysis where a trial court has failed to instruct on a cognate lesser included offense. *People v Beach,* 429 Mich 450, 466; 418 NW2d 861 (1988). At that time, the Supreme Court refused to comment on this Court's failure to apply a harmless error analysis to a refused instruction regarding a necessarily included offense, noting that the case before it presented only cognate lesser included offenses. We conclude that the harmless error analysis should be extended to refused instructions regarding necessarily lesser included offenses.
>
> *Beach* addressed instructions regarding cognate lesser included offenses that should have been given because the evidence adduced at trial was sufficient to support a guilty verdict on that charge. Thus, these cognate offenses effectively are in the same posture as necessarily included lesser offenses. We can find no rationale not to apply a harmless error analysis to the latter as well as the former. [190 Mich App 209.]

We agree with those statements. Rules of automatic reversal are disfavored, for a host of obvious reasons. The doctrine of harmless error has been

adopted by the Legislature[8] and by this Court,[9] and has been applied by this Court in many different contexts.[10] As this Court said in *Beach,* "We require a fair trial, not a perfect trial." 429 Mich 491.

Properly understood, the doctrine of harmless error is perfectly consonant with the purpose and function of an appellate court. Our constitutional mission, as the highest branch of the one court of justice,[11] is to correct errors that have deprived a litigant a fair trial or have otherwise interfered significantly with the trial's search for truth and a just verdict. With few exceptions, the judgment of a trial court may not be set aside on the ground of error unless there is a determination that the error was not harmless. We see no reason to exclude from this rule errors involving a failure to provide a requested instruction on a necessarily included offense.

IV

The final question is whether the erroneous

---

[8]   No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. [MCL 769.26; MSA 28.1096.]

[9]   An error in the admission or the exclusion of evidence, an error in a ruling or order, or an error or defect in anything done or omitted by the court or by the parties is not ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice. [MCR 2.613(A). See MCR 6.001(D); see also MCR 6.002.]

[10] *People v Hall,* 435 Mich 599, 612, n 10; 460 NW2d 520 (1990).
[11] Const 1963, art 6, § 1.

failure to instruct the jury on third-degree CSC was harmless in this case. We are satisfied that this error was, indeed, harmless.

In *Beach,* the defendant was convicted of conspiracy to commit armed robbery. The jury had also been instructed on conspiracy to commit unarmed robbery. The question in *Beach* was whether error had occurred that required reversal when the court refused to instruct the jury on the cognate offense of conspiracy to commit larceny in a building.[12] In *Beach,* therefore, this Court's harmless error analysis focused on the jury's decision not to find the defendant guilty of the intermediate charge:

> Because the instruction should have been given, upon the basis of the state of the record, we are presented with the decision whether or not to conclude that this omission was harmless error. To apply the reasoning of [*People v Ross,* 73 Mich App 588; 252 NW2d 526 (1977)]: Beach was convicted of the greater charged offense of conspiracy to commit armed robbery. If the jury had doubts about her guilt of the charged offense or if it concluded that the defendant was not planning to use force, it could have and undoubtedly would have, found her guilty of the instructed lesser included offense of conspiracy to commit unarmed robbery, which would represent a lesser use of force. Because it did not do so, we can conclude that it had no reasonable doubt as to the defendant's guilt of conspiracy to commit armed robbery. We believe the jury's decision is a reasonable indication that the failure to give an instruction on the lesser included offense of conspiracy to

---

[12] *People v Edwards,* decided with *Beach,* was a first-degree murder prosecution in which the circuit court refused to instruct on the cognate offense of involuntary manslaughter. Because this Court found the refusal in *Edwards* not to have been error, there was no occasion to discuss whether the refusal, if error, would have been harmless.

commit larceny in a building was not prejudicial to the defendant. We require a fair trial, not a perfect trial.

The existence of an intermediate charge that was rejected by the jury does not, of course, automatically result in an application of the *Ross* analysis. For it to apply, the intermediate charge rejected by the jury would necessarily have to indicate a lack of likelihood that the jury would have adopted the lesser requested charge. [429 Mich 490-491.]

In the present case, the Court of Appeals explained its conclusion that the error was harmless:

Adopting such a position shows that the refusal to instruct with regard to third-degree criminal sexual conduct was harmless error. The jury rejected the charged offense of second-degree criminal sexual conduct. The difference between first- or second-degree and third-degree criminal sexual conduct is the existence of a fourth-degree family relationship. However, defendant did not rest his defense on the proposition that he was not related to the victim. The defense theory was based on a denial of the accusation, asserting that the victim's testimony should not be believed. The jury was presented with the option of a lesser offense, second-degree CSC, and rejected it in favor of conviction of the higher offense. In such an instance, the court's failure to instruct the jury with regard to the lesser included offense is harmless error. See *Beach, supra,* 490-491. [190 Mich App 209-210.]

In the case now before us, the "intermediate charge" analysis used in *Beach* cannot be applied. Second-degree CSC is a contact offense, whereas first- and third-degree CSC are penetration offenses.

Nevertheless, the error in the present case was harmless. On the facts of this case, first- and third-degree CSC are distinguished only by the presence

or absence of the familial relationship described in MCL 750.520b(1)(b)(ii); MSA 28.788(2)(1)(b)(ii). At no point during this litigation has there been any dispute regarding that familial relationship. While the prosecution always bears the burden of proving the elements of an offense beyond a reasonable doubt, the fact that the defense acknowledges the familial relationship can appropriately be considered in a harmless error analysis.

Because we are persuaded that the error in the present case was harmless, we affirm the judgment of the circuit court.[13] MCR 7.302(F)(1).

CAVANAGH, C.J., and BRICKLEY, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

BOYLE, J., concurred only in the result.

LEVIN, J. (*dissenting*). The majority affirms the decision of the Court of Appeals that rejected Billy D. Mosko's claim that the circuit judge erred in refusing to instruct the jury regarding fourth-degree criminal sexual conduct. 190 Mich App 204; 475 NW2d 866 (1991). I would deny leave to appeal.

The opinion of the Court of Appeals is reported, and thus is a "first-out" opinion binding on other panels of the Court of Appeals and the trial courts. The issue is thus settled unless this Court were to grant leave to appeal[1] and reach a different decision, or the same decision on a different analysis.[2]

Peremptory disposition, without plenary consideration, full briefing, oral argument and an opportunity for the profession to file briefs as amici

---

[13] We have considered the defendant's other claims of error, but are not persuaded that relief should be granted.

[1] Mosko applied for leave to appeal; the prosecutor did not.

[2] In affirming the decision of the Court of Appeals, this Court adopts the analysis of the majority of the Court of Appeals panel.

curiae, should be reserved for cases in which the law is settled and factual assessment is not required.[3] In the instant case, as indicated in the majority opinion, legal assessment is required; the issue resolved by the Court of Appeals was left open by this Court in *People v Beach,* 429 Mich 450; 418 NW2d 861 (1988). Peremptory disposition is not appropriate.

[3] *People v Wright,* 439 Mich 914, 914-915 (1992) (LEVIN, J., dissenting); *Roek v Chippewa Valley Bd of Ed,* 430 Mich 314, 322; 422 NW2d 680 (1988) (LEVIN, J., separate opinion); *Grames v Amerisure Ins Co,* 434 Mich 867, 868-875 (1990) (LEVIN, J., dissenting); *People v Little,* 434 Mich 752, 769-770; 456 NW2d 237 (1990) (LEVIN, J., dissenting); *People v Wrenn,* 434 Mich 885, 885-886 (1990) (LEVIN, J., dissenting); *Harkins v Northwest Activity Ctr, Inc,* 434 Mich 896, 899 (1990) (LEVIN, J., dissenting); *Dep't of Social Services v American Commercial Liability Ins Co,* 435 Mich 508, 515; 460 NW2d 194 (1990) (LEVIN, J., separate opinion); *Yahr v Garcia,* 436 Mich 872 (1990) (LEVIN, J., dissenting); *Universal Underwriters Ins Co v Vallejo,* 436 Mich 873, 873-874 (1990) (LEVIN, J., dissenting); *People v Stephens,* 437 Mich 903, 903-910 (1991) (LEVIN, J., dissenting); *People v Berkey,* 437 Mich 40, 54; 467 NW2d 6 (1991) (LEVIN, J., dissenting); *Turner v Washtenaw Co Rd Comm,* 437 Mich 35, 38-39; 467 NW2d 4 (1991) (LEVIN, J., separate opinion); *Lepior v Venice Twp,* 437 Mich 955, 956-966 (1991) (LEVIN, J., dissenting); *Rochester Hills v Southeastern Oakland Co Resource Recovery Authority,* 440 Mich 852, 852-856 (1992) (LEVIN, J., dissenting).

See *Schweiker v Hansen,* 450 US 785, 791; 101 S Ct 1468; 67 L Ed 2d 685 (1981) (Marshall, J., dissenting) ("A summary reversal is a rare disposition, usually reserved by this Court for situations in which the law is settled and stable, the facts are not in dispute, and the decision below is clearly in error"); *Leis v Flynt,* 439 US 438, 457-458; 99 S Ct 698; 58 L Ed 2d 717 (1979) (Stevens, J., dissenting) ("Summary reversal 'should be reserved for palpably clear cases of . . . error.' *Eaton v Tulsa,* 415 US 697, 707 [94 S Ct 1228; 39 L Ed 2d 693 (1974)] [Rehnquist, J., dissenting]").