PEOPLE v HIGGS

Docket No. 168442. Submitted December 7, 1994, at Lansing. Decided March 7, 1995, at 9:45 A.M.

Baron D. Higgs was convicted by a jury in the Ingham Circuit Court, Carolyn Stell, J., of breaking and entering an occupied dwelling. He then pleaded guilty of being a second-offense habitual offender and was sentenced. He appealed.

The Court of Appeals *held:*

1. The trial court properly denied the defendant's request to instruct the jury with regard to contested cognate offenses where the offenses were not supported by the evidence.

2. The trial court erred in postponing a hearing regarding the defendant's motion for a directed verdict until after the defendant's presentation of proofs. The error was harmless because the prosecutor had presented sufficient evidence to convict the defendant at the close of the prosecutor's proofs.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Donald E. Martin,* Prosecuting Attorney, *Samuel R. Smith,* Chief Appellate Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the people.

*Stiles & Associates* (by *Charles R. Stiles*), for the defendant on appeal.

Before: McDONALD, P.J., and TAYLOR and W. J. GIOVAN,* JJ.

PER CURIAM. Defendant was convicted by a jury of breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305. Thereafter, defendant pleaded guilty of being a second-felony offender,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

MCL 769.10; MSA 28.1082, and was sentenced to 2½ to 22½ years' imprisonment.

Defendant appeals from his conviction as of right, claiming reversal of his conviction is mandated because the trial court failed to give certain requested jury instructions and because the trial court reserved ruling on defendant's motion for a directed verdict until after defendant presented proofs. We affirm.

The court properly denied defendant's request to instruct the jury regarding the contested cognate offenses where the offenses were not supported by the evidence. *People v Pouncey,* 437 Mich 382; 471 NW2d 346 (1991). Moreover, any error in failing to give the instructions would have been harmless because the jury was afforded a choice of convicting defendant of an intermediate charge yet convicted him of the greater offense. *People v Mosko,* 441 Mich 496; 495 NW2d 534 (1992).

Although the trial court erred in postponing the hearing regarding defendant's motion for a directed verdict until after defendant's presentation of proofs, MCR 6.419(A), we find the error to be harmless. The prosecutor had presented sufficient evidence to convict defendant at the close of his proofs. Application of the harmless error rule under these circumstances comports with federal precedent applying FR Crim P 29(b), the federal corollary to MCR 6.419(A). *United States v Thomas,* 987 F2d 697 (CA 11, 1993); *United States v Bice-Bey,* 701 F2d 1086 (CA 4, 1983); *United States v Conway,* 632 F2d 641 (CA 5, 1980).

Affirmed.