Kelly, J.
(dissenting). I agree with the majority that it was an abuse of the trial court’s discretion to refuse to deliver the lesser included offense instructions for breaking and entering without permission. MCL 750.115. However, I disagree with the majority’s overruling of this Court’s longstanding precedent in rendering its decision.
I would retain and follow that precedent, adhering to the five-part test for lesser included misdemeanor instructions announced in People v Stephens[1] and consistent with MCL 768.32(1). Moreover, I would find that defendant was deprived of lesser included offense instructions critical to his defense, which was that he entered the house to look around, not to steal. Because credible evidence was admitted that supported that defense, the failure to give the instruction was not harmless error. The majority asserted as much in People v Rodriguez, 463 Mich 466, 474; 620 NW2d 13 (2000).
I. LESSER-INCLUDED MISDEMEANOR OFFENSES
Neither party to this case disputed that Stephens is controlling authority, and neither advocated that Stephens be overruled. Under Stephens, whenever the following conditions are met, the trial judge must give an instruction to the jury on a lesser included misdemeanor: (1) the defendant makes a proper request, or (2) where the prosecutor requests the instructions, the defense has had adequate notice, and (3) there is *369 an “inherent relationship” between the charged offense and the requested misdemeanor, (4) the misdemeanor is supported by a rational view of the evidence admitted at trial, and (5) the requested instructions do not “result in undue confusion or some other injustice.” Stephens, supra at 261-264.
The Stephens test is consistent with MCL 768.32(1), which reads:
Except as provided in subsection (2) [regarding controlled substance offenses], upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.
The majority announces the rule “that a requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it.” Ante at 357. It asserts that its rule better conforms to MCL 768.32(1) than does Stephens. I disagree.
The rule that the majority articulates is merely a watered-down version of the Stephens test.[2] Both *370 require that the element distinguishing the lesser misdemeanor from the charged offense be at issue. Both require that the lesser offense be supported by a rational view of the evidence. However, the rule articulated today omits the safeguards of notice to the defendant and protections against undue jury confusion. Although I recognize that these safeguards are not explicitly required by MCL 768.32(1), neither is the evidentiary requirement to which the majority clings.[3]
Wisely, the Stephens Court recognized that unrestricted misdemeanor instructions might result in compromise verdicts and convictions for misdemeanor offenses unsupported by the evidence. It recognized, also, that the one-year cutoff rule established in People v Chamblis[4] is overly simplistic. The Stephens Court unanimously set forth a well-reasoned framework for deciding what lesser included misdemeanor instructions must be delivered to a jury.
When the majority discusses earlier interpretations of MCL 768.32(1), those more consistent with its view that lesser instructions always must be supported by the evidence, it refers to the statute’s “construction.” Ante at 344. It reverts to the decision in People v Hanna,[5] which devotes much of its analysis to rejecting MCL 768.32(l)’s reference to “degree offenses.” Hanna illustrates that MCL 768.32(1) does not provide a clear mandate that this Court must *371 apply. In readopting Hanna, the majority does not return to a statutory mandate that was disregarded by this Court in Stephens. Rather, it reverts to a construction of the statute long ago abandoned by this Court as unworkable.
While recognizing that the law concerning lesser included offenses in Michigan has “not been clear or consistent,” the majority has done nothing to promote consistency. I would adhere to this Court’s precedent in Stephens, as well as other precedent unnecessarily overruled by today’s decision.[6]
n. THE HARMFUL ERROR
Analyzing the instant case under Stephens, defendant satisfied requirements (1), (3), and (5). Requirement (2) is inapplicable. The only question concerns requirement (4), whether the instructions were supported by a rational view of the evidence. To satisfy that requirement, the element of defendant’s intent to commit larceny must have been enough in dispute that the jury could find him innocent of breaking and entering with intent to commit larceny and guilty of breaking and entering without permission. See id. at 263.
Defendant’s entire defense was that he did not intend to steal anything from the house. Although his position was not compelling, there was some evidence to support it in addition to his own conflicting statements to police, which the prosecution put in evidence. In his first written statement to police, *372 defendant repeatedly emphasized that he never intended to steal anything from the house. The prosecution’s witnesses gave statements to police and testified at trial at least arguably consistent with the defense.
The credibility of the evidence must be evaluated by the jury. People v Wolfe, 440 Mich 508, 514-515; 489 NW2d 748 (1992). The trial court usurped the jury’s role when it refused to give instructions that were supported by a rational view of the evidence. This was an abuse of the trial court’s discretion.
The majority agrees that the instructions should have been delivered. The point of contention is whether the trial court’s error was harmless. The majority applies the harmless error test with little discussion about whether the error was constitutional in nature. Defendant argues that it was, and he makes a strong case. An instructional error may rise to the level of a constitutional error by violating a defendant’s right to due process. See People v Carines, 460 Mich 750, 761; 597 NW2d 130 (1999); see also United States v Gaudin, 515 US 506, 510; 115 S Ct 2310; 132 L Ed 2d 444 (1995). An example is where the trial court omits from the instructions an element of the charged offense. Carines, supra; People v Duncan, 462 Mich 47, 52; 610 NW2d 551 (2000).
Here, the judge denied the jury an opportunity to consider defendant’s theory of the case. This deprived defendant of his right to a fair trial, an error constitutional in nature. Hence, it is the burden of the prosecution to prove that the error was harmless. Carines, supra at 774.
I believe that the instructional error in this case was not harmless, even when analyzed as nonconsti *373 tutional error. It is well established that, where a court fails to give lesser included offense instructions, the error is harmless if the jury rejects an option to convict of another reduced offense. In People v Beach,[7] the Court endorsed this test, which is found in People v Ross, 73 Mich App 588; 252 NW2d 526 (1977).[8] However, where the trial court failed to instruct the jury regarding the only requested lesser included misdemeanor offense, the Ross test cannot be applied.
In Mosko, this Court extended the harmless error test articulated in Beach, first considering whether the jury had rejected an instructed lesser included offense to convict the defendant of the charged offense. Id. at 501-502. However, the Mosko Court could not apply the “intermediate charge” analysis on the facts of that case.[9] Instead, it concluded that the error was harmless because the distinguishing factor between the charged offense and the uninstructed *374 offense was not disputed at trial. Id. at 505-506. Thus, when a jury does not reject a lesser offense, the failure to deliver requested instructions is not harmless when the distinguishing element is at issue.
This Court’s regular application of harmless error analysis to evidentiary issues is also instructive. In People v Lukity[10] a majority held that, in cases of preserved nonconstitutional error, the defendant bears the burden of proof. The defendant must show that the outcome of the trial would more probably than not have been different, but for the evidentiary error. Id. at 496-497. This Court applied the Lukity standard to evidentiary error in People v Elston, 462 Mich 751; 614 NW2d 595 (2000), and People v Snyder, 462 Mich 38; 609 NW2d 831 (2000). There, whether the error was outcome determinative was held to depend on whether it undermined the reliability of the verdict. Elston, supra at 766; Snyder, supra at 45.
The majority recently addressed an instructional error in Rodriguez, although not in the context of lesser included offenses.[11] It concluded that the error was not harmless because “[t]here was no question that [it] undermined the reliability of the verdict, and thus was ‘outcome determinative’ under Lukity and Elston.” Rodriguez, supra 474. It was significant that the jury had received no instruction on law that was “crucial to the defendant’s defense and [the instruction] was clearly supported by the evidence.” Id.
After applying the rule of harmless error that has emerged from this Court’s precedent, I conclude that *375 the error in this case was not harmless. The fact that substantial evidence supported defendant’s conviction must be regarded as irrelevant under the circumstances of this case, where there was evidence to support the lesser offense. Moreover, defendant admitted to the lesser offense in this case. The jury was put in the position either of convicting on the higher charge or seeing the admitted crime go unpunished. By being denied jury instructions on the lesser included misdemeanor, defendant was denied the opportunity to present his defense to the jury. The error was crucial in this case and cannot be considered harmless.
The jury here, like the jury in Richardson, was unable to match defendant’s statements and theory of defense with a verdict option. Unlike Richardson and Beach, there was no indication that it would have rejected the lesser included offense, had it been given the opportunity.[12] Moreover, unlike in Mosko, the distinguishing element between defendant’s charged offense and the requested lesser included offense was very much in dispute.[13] Therefore, the reliability of the verdict was undermined and the error was not harmless. Defendant is entitled to a new trial.
*376 The majority takes the word “clearly” from the Rodriguez requirement that the lesser offense be “clearly supported by the evidence,”[14] and applies it to require substantial evidence supporting the lesser offense. Ante at 365. In so doing, it expands Rodriguez to impose an unduly harsh burden on a defendant.
When a criminal defendant is denied the opportunity to present his defense to the jury, it should not matter that the evidence supporting the defense is not substantial. The error is significant if the lesser offense is supported by any credible evidence. It must clearly support the lesser offense in that it must be more than a bare trace of evidence; it must be something concrete on which a jury could base its verdict. The majority’s expansion of Rodriguez takes the power to decide a defendant’s guilt or innocence, consistent with the evidence before it, out of the hands of the jury.
III. OTHER LESSER OFFENSES
The majority strays beyond the matter at hand, lesser included misdemeanor offenses, to overrule precedent not even controlling in the instant case. It devotes pages of discussion to cognate lesser offenses, and its holding clearly applies to necessarily included felony offenses.
Not only do I disagree with the reasoning and the result, I also oppose the majority’s wholesale overruling of the precedent of this Court. In defiance of stare decisis, the majority contributes to a constant state of *377 flux in Michigan law. Here, the majority fails even to give lip service to the principle of stare decisis, instead dismissing this Court’s precedent as “wrongly decided.”
IV. CONCLUSION
The trial court abused its discretion by refusing to deliver the lesser included misdemeanor instructions for breaking and entering without permission. Those instructions should be given in every case where a defendant has offered some credible evidence to support a lesser included misdemeanor offense. Moreover, I would not stray from the well established and long recognized precedent of this Court that conforms with the legislative mandate of MCL 768.32(1). Applying that precedent, I would find the error in this case was not harmless, and I would grant defendant a new trial.
Cavanagh, J., concurred with Kelly, J.

 416 Mich 252; 330 NW2d 675 (1982).

 The majority’s holding is not limited to overruling the Stephens test for lesser included misdemeanor offenses. Its real reach is the creation of a blanket rule for all lessor offense instructions, including cognate lesser offenses and necessarily included felony offenses. The rule imposes a high burden for proving error requiring reversal in lesser included felony cases and completely precludes the delivery of cognate lesser offense instructions. But the majority devotes no direct discussion to this dramatic change in Michigan law. See People v Mosko, 441 Mich 496, 500-501; 495 NW2d 534 (1992) (failure to give a requested instruction on a necessarily *370 included lesser felony is error requiring reversal); People v Beach, 429 Mich 450, 453, 461-465; 418 NW2d 861 (1988) (cognate lesser offense instructions must be delivered when supported by the evidence).

 Neither notice nor jury confusion is at issue here, but the majority dismisses these basic procedural requirements without discussion.

 395 Mich 408, 428-429; 236 NW2d 473 (1975).

 19 Mich 316 (1869).

 In addition to Stephens, the majority overrules People v Jenkins, 395 Mich 440; 236 NW2d 503 (1975), People v Chamblis, supra, People v Jones, 395 Mich 379; 236 NW2d 461 (1975), and their extensive progeny.

 429 Mich 450; 418 NW2d 861 (1988).

 The Beach Court modified the holding in People v Richardson, 409 Mich 126; 293 NW2d 332 (1980), to the extent that it was inconsistent with Ross. The Richardson Court had held that it is not harmless error to refuse to instruct on a lesser included offense of involuntary manslaughter and reckless use of a firearm. It reasoned that “[t]he jury was . . . denied the freedom to act according to the evidence, and moreover was deprived of any option to convict consistently with the defendant’s testimony . . . .” Id. at 141. It reached that conclusion even though the jury was instructed on first-degree murder, second-degree murder, and voluntary manslaughter, and returned a guilty verdict on first-degree murder. Id. at 134-135.

 The defendant in Mosko was convicted of first-degree criminal sexual conduct although the jury was given instructions for second-degree criminal sexual conduct. However, first-degree criminal sexual conduct is a penetration offense, whereas second-degree criminal sexual conduct is a contact offense. The jury was not instructed on third-degree criminal sexual conduct, a penetration offense. Thus, its rejection of second-degree criminal sexual conduct shed no light on whether it would have convicted the defendant of third-degree criminal sexual conduct. See id. at 497, 505.

 460 Mich 484; 596 NW2d 607 (1999).

 The instruction under review in Rodriguez concerned a statutory exception to culpability for failing to pay taxes. Id. at 468-469.

 In fact, the circumstances suggest the opposite. When it acquitted defendant of the arson charge, the jury rejected the prosecution’s claim that defendant intended to bum the house. Defendant admitted being in the house, but denied either setting the fire or intending to steal anything. It is possible that the jury would have believed him on both counts.

 In many if not most cases of breaking and entering, a defendant’s claim that he entered without any malicious intent is suspect. However, the house in this case is the “Heston house,” the one-time home of famed actor Charlton Heston. Certainly, one could conclude that such a house would be an attractive local curiosity. Defendant’s testimony that he went to the house only to look around was both corroborated and contradicted by his companions.

 Id. at 474.