Kelly, J.
(concurring in part and dissenting in part). The majority applies the framework for lesser included offense instructions that it recently adopted in People v Cornell 466 Mich 335; 646 NW2d 127 (2002). There, a majority of this Court overruled longstanding precedent to require that the lesser offense for which a jury instruction is given be supported by substantial evidence. Id. at 365. The issue in Cornell was whether the trial court erred in refusing to give a *449 requested lesser included misdemeanor offense instruction.
The issue in this case is whether the trial court erred in refusing to give a requested necessarily lesser included felony offense instruction. In the past, this Court has distinguished between necessarily lesser included felony offenses and necessarily lesser included misdemeanor offenses and treated them differently. See People v Stephens, 416 Mich 252; 330 NW2d 675 (1982). Cornell rejected the distinction and addressed itself to both types of offenses. In so doing, it strayed fax beyond the issue presented. Properly applied, Cornell should not control the outcome of this case.
This case represents a new and more broad application of the rule in Cornell. Therefore, I again write separately to dissent. However, because I believe that any error in this case was harmless, I concur in the result reached in the majority opinion.
In People v Kamin,[1] this Court recognized that our previous decisions required a judge to automatically instruct the jury on necessarily lesser included offenses. Refusal to give the requested instruction was error. This Court reiterated the automatic instruction rule more recently in People v Mosko, 441 Mich 496; 495 NW2d 534 (1992):
“Pursuant to People v Ora Jones, 395 Mich 379; 236 NW2d 461 (1975), and People v Chamblis, 395 Mich 408; 236 NW2d 473 (1975), it is clear that a defendant has a right upon request to have the jury instructed on necessarily included offenses. Further, a defendant has a right upon request to *450 jury instructions on those cognate lesser included offenses which are supported by record evidence.
“The automatic instruction rule for necessarily lesser included offenses removed the need for the trial judges to review the record in order to determine whether or not there is evidence to support a verdict on the lesser offense. Review of the record for evidentiary support is now in order only when the defense requests that the jury be instructed on a cognate lesser included offense.” [Mosko at 501, quoting Kamin at 493.]
At the time Ora Jones, Chamblis, and Kamin were decided, the automatic instruction rule applied to all necessarily included offenses. The Stephens Court altered that when it adopted the rational basis test for lesser misdemeanor offense instructions, derived from the federal rule established in United States v Whitaker, 144 US App DC 344; 447 F2d 314 (1971). Stephens expressly refused to extend the rational basis test to lesser included felony offense instructions, noting that People v Ora Jones still controlled. Stephens at 264.
The Mosko Court stated, just ten years ago, that “[t]hese principles remain sound.” Id. at 501. The majority has not persuaded me that something has occurred in the interim to render them illogical.
The trial judge in this case denied defendant’s request to instruct the jury on unarmed robbery, stating that it “would merely have opened the door to compromise somewhere between guilty and not guilty.” However, the Chamblis Court addressed this very concern, thereby precluding a trial judge from refusing a lesser included offense instruction for fear of a compromise verdict. Chamblis acknowledged that the possibility of compromise exists, but quoted Justice Holmes “[t]hat the verdict may have been the *451 result of compromise, or of a mistake on the part of the jury is possible. But verdicts cannot be upset by speculation or inquiry into such matters.” Chamblis at 426, quoting Dunn v United States, 284 US 390, 394; 52 S Ct 189; 76 L Ed 356 (1932).
As I stated in Cornell, I disagree with the majority’s disregard for the well reasoned and supported precedent of this Court. It expressly adopted the automatic instruction rule for necessarily lesser included felony offenses and articulated sound reasoning for doing so. I also disagree with the application of Cornell to this case because, traditionally, we treated necessarily lesser included felony offenses and necessarily lesser included misdemeanor offenses differently, as stated in Stephens. Moreover, I would adhere to the longstanding rule for necessarily lesser included felony offense instructions and find error in the trial court’s refusal to deliver instructions on unarmed robbery.
Nevertheless, I agree with the Court of Appeals that it was harmless error for the trial judge to refuse to give the unarmed robbery instructions.[2] The only disputed fact was whether the robber was defendant. There was no question that the robber was armed. That fact is the element that distinguishes the greater and lesser offenses. Because it was not disputed, the *452 judge’s failure to deliver the instructions on the lesser offense, although erroneous, was harmless. See Mosko, swpra at 502-506.
This is the rare case where the facts comprising the element distinguishing the charged offense and the lesser included offense are undisputed. Therefore, under the facts of this case, the majority’s change in the law appear innocuous. More often, however, the issue is not so clear.
Today, in this case and in Cornell, the majority erodes the fact-finding powers of the jury, allowing judges to weigh the evidence in place of the jury. In so doing, it rewards overcharging by the prosecution. Once again it departs from the precedent of this Court and makes a wrong turn.
Cavanagh, J., concurred with Kelly, J.

 405 Mich 482, 493; 275 NW2d 777 (1979).

 The Mosko Court applied the harmless error rule to errors involving a failure to provide a requested Instruction on a necessarily lesser included felony offense. Id. at 503.
As I stated in Cornell, I disagree with the majority’s new harmless error test, which increases the burden on a defendant by requiring that the instructions be supported by substantial evidence. Id. at 365. The new rule increases the likelihood that juries will convict defendants of greater offenses than they believe them guilty of as an alternative to acquiting them altogether.