# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 18, 2008

132168-70

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellant,

v

BOBBY DEAN MARTIN, ROGER
THOMPSON, and ROGER BROWN,
       Defendants-Appellees.

SC: 132168-70
COA: 256461, 256463, 256464
Wayne CC: 03-012510-02,
  03-012510-05, 03-012510-08

_____/

On order of the Court, the application for leave to appeal the June 13, 2006 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we AFFIRM the Court of Appeals decision holding that the trial court erred when it instructed the jury that it could convict defendants of keeping a house of prostitution as a necessarily included lesser offense of racketeering. This Court has made clear that a harmless error analysis is applicable to instructional errors involving necessarily included lesser offenses. *People v Cornell,* 466 Mich 335, 361-362 (2002), citing *People v Mosko,* 441 Mich 496, 503 (1992). Because the Court of Appeals failed to consider whether the error was harmless, we do so.

Preserved, nonconstitutional error is not grounds for reversal unless it is more probable than not that the error was outcome determinative. *Cornell, supra* at 363-364. We conclude that the error was not harmless. See *People v Hawthorne,* 474 Mich 174 (2006); *People v Silver,* 466 Mich 386 (2002). It is not likely that defendants would have been convicted of keeping a house of prostitution had the trial court not erroneously instructed the jury that it could be considered as a lesser included offense of racketeering.

KELLY, J., concurs and states as follows:

The Court of Appeals correctly held that the trial court erred by instructing the jury that it could convict defendants of keeping a house of prostitution. If a harmless error analysis applies in this situation, I agree that the instructional error was not harmless.

I write separately because I believe that the error was constitutional in nature. When an instructional error violates a defendant's right to due process, it may rise to the

level of a constitutional error.[1]  "A fair trial is a right guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution."[2]

To prove racketeering, the prosecution must prove that a defendant committed at least two of the enumerated predicate offenses.[3]  Here, the amended information identified keeping a house of prostitution and accepting the earnings of a prostitute as the predicate offenses.  Thus, to convict defendants of racketeering, the prosecution had to prove that defendants were guilty of both predicate offenses.  Accordingly, defendants could have conceded that they kept a house of prostitution and still not have been convicted of racketeering.

Although defendants did not make that concession, they may not have applied their strongest efforts to prevail on that issue, judging it unnecessary.  However, their strategy might have been quite different if, before the jury was instructed, they had had notice that they could have been convicted of keeping a house of prostitution.

I conclude that defendants did not receive a fair trial because they did not have notice that they could be separately convicted of the predicate offense.  This deprivation of notice and of a fair trial appears to be a due process violation that rendered the instructional error constitutional in nature.[4]

---

[1] See *People v Cornell*, 466 Mich 335, 372 (2002) (Kelly, J., dissenting), citing *People v Carines*, 460 Mich 750, 761 (1999), and *United States v Gaudin*, 515 US 506 (1995).

[2] *People v Ramsey*, 422 Mich 500, 510 (1985), citing *Drope v Missouri,* 420 US 162 (1975).

[3] MCL 750.159f.

[4] The dissent points out that MCR 6.112(h) permits amendment of the information after trial.  It suggests that what happened in this case does not warrant constitutional scrutiny if amendment of the information after trial does not warrant constitutional scrutiny.  MCR 6.112(h) prohibits amendment of an information when the "amendment would unfairly surprise or prejudice the defendant."  This clause protects against due process violations.  If an amendment were permitted that unfairly surprised or prejudiced a defendant, the error might also be constitutional in nature.  In that case, constitutional scrutiny would apply to the amendment, just as it should apply to the instruction in this case.  The dissent appears to agree that error in the amendment of an information and instructional error can rise to the level of constitutional error.  Our disagreement is over whether the instructional error in this case unfairly surprised or prejudiced defendants.  I conclude that it did.  An eleventh hour amendment to the information that adds an offense and a jury instruction that adds an offense have this in common:  both occur after the proofs are in, when it is too late for the accused to change his or her trial strategy and produce added defensive evidence.  In this and in most cases the result is prejudice or unfair surprise.

MARKMAN, J., concurs and states as follows:

Under MCL 768.32, a defendant can only be convicted of an offense that is charged in the indictment or of a necessarily included lesser offense. *People v Cornell,* 466 Mich 335, 353-358 (2002).[5] The indictment here did not charge defendants with keeping a house of prostitution; it only charged defendants with racketeering. Moreover, keeping a house of prostitution is not a necessarily included lesser offense of racketeering because one can commit racketeering without keeping a house of prostitution. *Id*. at 361 (defining necessarily included lesser offense as one in which it is "impossible to commit the greater offense without first committing the [necessarily included lesser] offense.")

The original indictment here listed three predicate offenses. The prosecutor was required to prove two of these in order to convict defendants of racketeering. Therefore, defendants could have conceded that they had kept a house of prostitution and still not have been convicted of racketeering. Before trial, the prosecutor amended the information to list only two predicate offenses. However, defendants again could have conceded that they had kept a house of prostitution and not have been convicted of racketeering; the prosecutor still would have been required to prove that defendants committed both of the predicate offenses. Therefore, defendants were not placed on notice that they had to argue that they had not kept a house of prostitution in order to avoid conviction. Indeed, given that the trial court denied the prosecutor's motion to amend the information to directly charge the predicate offenses because the motion was filed after the deadline for the filing of motions had passed, defendants were placed on notice that they were *not* facing separate charges for the predicate offenses.[6]

For these reasons, I concur in the majority's order affirming the Court of Appeals. I also concur in the majority's conclusion that, if harmless-error analysis is applicable, the error here was not harmless. However, I question whether harmless-error analysis is even applicable here. The majority cites two cases in support of this proposition, *Cornell, supra* at 361-362, and *People v Mosko,* 441 Mich 496, 503 (1992). However, the error in those cases was the *failure to instruct* on a necessarily included lesser offense; in this case, the error was to *affirmatively instruct* on an offense that was not a

---

[5] Contrary to the dissent's contention, MCL 768.32 does not say anything about "fair notice of the charges." *Post* at 6-7 (emphasis omitted).

[6] The dissent repeatedly relies on the fact that "MCR 6.112(H) provides that an information may be amended before, during, or after trial." *Post* at 7-9. However, the fact is that the trial court here denied the prosecutor's motion to amend the information because that motion was not filed on time and the prosecutor never appealed that ruling. Therefore, the issue remains whether defendants can be convicted of an offense that they were never charged with and that does not constitute a necessarily included lesser offense.

necessarily included lesser offense. That is, in both *Cornell* and *Mosko,* the trial court failed to instruct the jury that it could convict the defendant of a necessarily included lesser offense, while here the court instructed the jury that it could convict defendants of an offense that was not a necessarily included lesser offense.

Harmless-error analysis is applicable to the former error because it is possible that the error was harmless, i.e., even if instructed on the necessarily included lesser offense, the jury might not have convicted the defendant of that offense. However, harmless-error analysis is not applicable to the latter error because I do not believe a situation can be conceived in which such an error would ever be harmless.[7] That is, whenever the trial court instructs on an offense that is not a necessarily included lesser offense and the jury convicts the defendant of that offense, the error would obviously not be harmless because the jury convicted the defendant of an offense that it should not have even been allowed to consider.[8]

YOUNG, J., joins the statement of MARKMAN, J.

WEAVER, J., dissents and states as follows:

I dissent from the order holding that the alleged error is necessarily harmful and I join Justice Corrigan's statement. I would grant the Attorney General's application for leave to appeal or remand this case for harmless-error analysis.

CORRIGAN, J., dissents and states as follows:

I would grant the Attorney General's application for leave to appeal or remand this case for harmless-error analysis. The Court of Appeals reversed defendants' convictions of maintaining a house of ill fame on the ground that it was not a necessarily included lesser offense of racketeering. *People v Martin*, 271 Mich App 280 (2006). Determining whether the offense is necessarily included or separate and distinct, however, is essentially a meaningless exercise in the special circumstances of racketeering

---

[7] Given that I believe that harmless-error analysis is inapplicable here, and that even if it was, the error here was clearly not harmless, I find it unnecessary to address whether the error here was constitutional or non-constitutional.

[8] The dissent contends that the error was harmless because the prosecutor "could have" charged and "may still" charge defendants with keeping a house of prostitution. *Post* at 7 n 15. The error here is that defendants were convicted of a crime without notice that they were facing charges on that crime. The fact that the prosecutor *could* have given them notice or that the prosecutor can give them notice *in a future case* does not alter the fact that they did not have notice in this case. Defendants simply cannot stand convicted of an offense with which they were not charged and that does not constitute a necessarily included lesser offense.

prosecutions. The charge of which defendants were convicted *was specifically laid out in the information* as a predicate offense of racketeering. Defendants had explicit notice of the offense of which they were ultimately convicted in the charging document. They vigorously defended against it. Accordingly, any error is harmless.

Racketeering is a unique crime. In order to establish the substantive offense of racketeering, the prosecution must prove at least two specifically enumerated separate offenses,[9] often referred to as "predicate offenses". Proof of these predicate offenses establishes the "pattern of racketeering activity" necessary for a racketeering conviction.[10] When charging a defendant with racketeering, the prosecution must provide the defendant with notice of the specific predicate offenses underlying the racketeering charge.

Here, defendants worked at a topless bar in Belleville. The prosecution charged defendants with racketeering under MCL 750.159i, alleging that dancers at the bar engaged in prostitution in a VIP room and then turned over their earnings to defendants and other managerial employees. The basis of the racketeering charge rested on the predicate offenses of maintaining a house of ill fame, MCL 750.452, and knowingly accepting or receiving the earnings of a prostitute, MCL 750.457. Specifically, the amended information stated:

> 1) On or about various dates from January 1, 1997 through October 25, 2002, in Van Buren Township, Wayne County, Michigan, co-defendants did commit and/or conspired to commit the following offense for financial gain, to wit: did keep, maintain or operate, or aid and abet in keeping, maintaining or operating a house of ill fame, bawdy house or place at 50778 Michigan Avenue, Van Buren Township, resorted to for the purpose of prostitution or lewdness; contrary to MCL 750.452; MSA 28.707.

> 2) On or about various dates from 1997 to October 25, 2002, in Van Buren Township, Wayne County, Michigan, co-defendants did commit and/or aid or abet in the commission of the following offense for financial gain, to wit: did knowingly accept, receive, buy or appropriate money or other valuable things without consideration from the earnings of a prostitute, contrary to MCL 750.457; MSA 28.712.[11]

---

[9] MCL 750.159f

[10] MCL 750.159i provides that a "person employed by, or associated with, an enterprise shall not knowingly conduct or participate in the affairs of the enterprise directly or indirectly through a pattern of racketeering activity."

[11] Amended information, dated June 7, 2004.

Before trial, the prosecution moved to amend the information to charge these predicate offenses as separate counts.[12] The trial court refused to hear the motion because it was filed after the motion cutoff date in the court's scheduling order. At the close of proofs, the prosecution sought a jury instruction on the predicate offenses as necessarily included lesser offenses. The trial court agreed to so instruct, holding that the predicate offenses were necessarily included lesser offenses of racketeering. In their defenses and again in closing arguments, defendants specifically challenged the elements of each of the two offenses charged as predicate offenses.

The jury acquitted defendants of racketeering, but convicted them of one predicate offense: maintaining a house of ill fame. The Court of Appeals reversed defendants' convictions on the ground that maintaining a house of ill fame was not a necessarily included lesser offense of racketeering. The Attorney General now seeks review in this Court.

Regardless of whether the conviction offense is necessarily included in the charged offense, fundamentally, any error on this point is harmless. No due process notice problem arises here because the information afforded specific notice of the offense of which defendants were convicted. Nor is there a multiple punishments problem — defendants were acquitted of all charges but one.

The Court of Appeals analysis overlooked that MCL 768.32[13] protects a defendant from having to defend against a charge without adequate *notice*. That is, the key issue is *whether defendants received fair notice of the charges.*[14] Here, because the information

---

[12] MCL 750.159j(11) provides the prosecution with the ability to charge and obtain a conviction for both racketeering and the underlying predicate offenses. It states that "[c]riminal penalties under this section are not mutually exclusive and do not preclude the application of any other criminal or civil remedy under this section or any other provision of law."

[13] MCL 768.32(1) provides:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

[14] Justice Markman contends that MCL 768.32(1) "does not say anything about 'fair notice of the charges.'" While he is correct that the statute does not contain an explicit statement regarding its purpose, it is clear that the legislature intended to allow judges and juries to find a defendant guilty of an offense that was not charged as long as the

specifically identified the predicate offenses, defendants were notified of the crimes constituting the offense of racketeering.

Moreover, a perverse result arises from the Court of Appeals determinations that (1) the trial court erred by instructing on maintaining a house of ill fame but (2) the prosecution could *now* charge the predicate offense and *begin the case anew*.[15]  This resolution compels a new trial even though defendants received specific notice of the predicate offenses.

Finally, MCR 6.112(H) provides that an information may be amended before, during, or after trial "unless the proposed amendment would unfairly surprise or prejudice the defendant."  In *People v McGee*, the Court of Appeals held that a trial court may amend the information to add a charge on the day of trial even where no preliminary examination was held because the defendant suffered no prejudice.[16]

Here, the information listed the predicate offenses, and the jury instructions would be identical if the offenses were amended charges or necessarily included lesser offenses. Not only were defendants on notice that they needed to defend against the elements of the predicate offenses, they in fact vigorously contested those offenses at trial.  Defendants did not choose to challenge only one of the predicate offenses in order to defeat the racketeering charge.  The record reflects that defendants' theory of defense was that they neither maintained a house of ill fame nor knowingly accepted money from a prostitute.

Justices Markman and Kelly contend that although defendants had notice that the predicate offenses were elements of the crime charged, defendants did not specifically know that they could be convicted of those crimes.  Because defendants specifically contested the predicate offenses, they understood the possibility of conviction. Moreover, MCR 6.112(H) allows an information to be amended before, during, *or after trial*.  When an information is amended after trial, the defendant would not have specific notice that he could be convicted of an added or amended charge.  Yet the court rule

---

defendant had notice that he would have to defend against the elements of the offense of which he was ultimately convicted.  Here, defendants had such notice through the amended information listing the predicate acts that were the basis of the racketeering charges.

[15] Justice Markman overlooks this fact when concluding that any error in instructing that the predicate offenses are necessarily included lesser offenses could never be harmless. As discussed earlier, a prosecutor may charge a defendant for both the substantive offense of racketeering and the predicate offenses.  While the prosecution failed to do so here, because it could have done so initially and may still do so makes the error alleged here all the more *harmless*.

[16] *People v McGee*, 258 Mich App 683, 687 (2003).

specifically allows such amendments unless the amendment "would unfairly surprise or prejudice the defendant."[17]  This case presents a perfect example of when an amendment to an information *could not* and *did not* unfairly surprise or prejudice the defendant.  No miscarriage of justice arose from allowing the jury to consider the predicate offenses because (1) defendants were on notice through the information that specifically set forth the predicate offenses and (2) the parties actually litigated the factual claims presented by all the charged offenses.

Despite this, the Court of Appeals failed to *address* whether the error was harmful.  This Court now simply asserts that the error was not harmless.  It inexplicably states that "[i]t is not likely that defendants would have been convicted of keeping a house of prostitution had the trial court not instructed the jury that it could be considered as a lesser included offense of racketeering."  Defendants *could not* have been convicted of maintaining a house of ill fame absent a separate charge.  But defendants *would have* been convicted of the crime of maintaining a house of ill fame if the trial court had allowed the prosecution to separately charge that predicate offense under MCR 6.112(H).  Separately charging defendants with maintaining a house of ill fame, as opposed to merely instructing the jury on it as a necessarily included lesser offense, would have changed nothing about the conduct or outcome of the trial.  The evidence that convinced the jury to convict defendants of maintaining a house of ill fame as a necessarily included

---

[17] Justice Kelly contends that the trial court committed constitutional error by instructing the jury on the predicate offenses as necessarily lesser included offenses.  In *Cornell*, *supra*, this Court held that "harmless error analysis is applicable to instructional errors involving necessarily included lesser offenses."  466 Mich at 361.  Moreover, Justice Kelly fails to explain why instructing on predicate offenses as necessarily lesser included offenses would require a stricter standard of review than instances where the trial court allows the prosecution to amend the information after trial to charge predicate offenses separately, authority specifically provided to the court in MCR 6.112(H).  MCR 6.112(H) protects a defendant's due process rights by ensuring that an amendment of an information does not "unfairly surprise or prejudice the defendant."  I contend that instructing on predicate offenses as necessarily included lesser offenses should be subject to the same standard, i.e., did the instruction unfairly surprise or prejudice the defendant.  Because I conclude that it did not in this case, constitutional inquiry is unnecessary.

lesser offense was identical to the evidence that the prosecution would have presented if defendants had been separately charged.

Therefore, I respectfully dissent from the order holding that the alleged error is necessarily harmful. I would grant the Attorney General's application for leave to appeal or remand this case for harmless-error analysis.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 18, 2008

_____
Clerk

t0715