# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 21, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

140020

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

RAYMOND CRAIG JONES,
        Defendant-Appellant.

SC: 140020
COA: 276690
Wayne CC: 06-005379-01

_____/

On order of the Court, the application for leave to appeal the September 22, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I fully concur in this Court's order denying leave to appeal. I write only to respond to the dissenting statement.

Following a jury trial, defendant was convicted of first-degree CSC based on an allegation that he had forced his five-year-old cousin to perform fellatio on him. The Court of Appeals reversed. *People v Jones,* unpublished per curiam opinion of the Court of Appeals, issued August 12, 2008 (Docket No. 276690). The lead opinion concluded that defendant's trial counsel had been ineffective when he elicited evidence that a different cousin had previously accused defendant of sexually assaulting her, and that the trial court had improperly allowed the prosecutor to amend the information, after the prosecutor had rested, in order to expand the offense date from the "Year of 2003" to "2003 through June 2004."

This Court reversed the Court of Appeals on the ineffective assistance of counsel claim and remanded to the Court of Appeals for it to address whether the mid-trial amendment of the information entitled defendant to a new trial. 483 Mich 899 (2009). On remand, the Court of Appeals held that the trial court had not abused its discretion in this regard, and thus affirmed defendant's conviction. *People v Jones (On Remand),*

unpublished per curiam opinion of the Court of Appeals, issued September 22, 2009 (Docket No. 276690).

MCR 6.112(H) provides, "The court before, during, or after trial may permit the prosecutor to amend the information unless the proposed amendment would unfairly surprise or prejudice the defendant." The instant amendment should not have "unfairly surprised" defendant because at the preliminary examination, and at the trial, complainant consistently testified that he was born in February of 1998 and that the alleged criminal incident had occurred in March of the year that he was in kindergarten when he was five years old. Defendant knew that the complainant was in kindergarten, and that he was five years old, in March of 2004, both from the complainant's testimony at the preliminary examination and at trial, and because defendant was the complainant's cousin and next-door neighbor, and knew when the complainant had attended kindergarten and when he had turned five years old. Indeed, defendant testified that the complainant started kindergarten in the fall of 2003, which meant that he knew that the complainant was in kindergarten in March of 2004.

Defendant was further not "prejudiced" by the amendment because his only defense was not that he could not have picked complainant up by himself in March of 2003 because he did not have a driver's license at the time; he also presented evidence that, even after he obtained his driver's license, he was not allowed to pick up the complainant by himself. Defendant simply has not established that he would have done anything differently if the information had contained the correct date in the first place, and thus has not established that he was prejudiced by the amendment of the information.

Because I agree with the Court of Appeals that the trial court did not abuse its discretion in granting the prosecutor's motion to amend the information, I concur in this Court's order denying leave to appeal.

CORRIGAN, J., joins the statement of MARKMAN, J.

KELLY, C.J. (*dissenting*).

I dissent from the order denying leave to appeal. I would grant leave to consider defendant's argument that the trial court's amendment of the information near the conclusion of trial was improper.

Defendant was convicted of first-degree criminal sexual conduct involving a person under the age of 13.[1] A divided panel of the Court of Appeals reversed the

---

[1] MCL 750.520b(1)(a).

conviction because defendant had received ineffective assistance of counsel (*Jones I*).[2] This Court reversed that decision and remanded the case to the Court of Appeals for consideration of whether the midtrial amendment of the information entitled defendant to a new trial.[3] On remand, a divided panel of the Court of Appeals held that defendant had not demonstrated that the amendment unfairly surprised or prejudiced him (*Jones II*).[4]

The claim is that defendant molested his cousin. The offense date was "Year of 2003." The prosecutor theorized that the offense occurred in March or May 2003. At the preliminary examination, complainant, then eight-years-old, testified that defendant had assaulted him when defendant drove him home from a kindergarten class when complainant was five-years-old. He testified that the incident had occurred in March of 2003. The complainant also testified he began attending school in 2003.

The lead opinion in *Jones I* points out the difficulties presented by the offense date that the prosecution listed:

> In this case, the information listed the date of the offense as "Year of 2003." Only complainant testified at the May 9, 2006 preliminary examination. He testified that he was eight years old, that the incident occurred three years earlier (than the preliminary examination, i.e., in 2003), that the incident occurred in March of 2003, and that he was in kindergarten at Burton School and five years old at the time. He also testified, however, that he started at Burton School in 2003, i.e., September 2003. The prosecution was apprised as of the preliminary examination that complainant was born in February 1998, and maintained that the incident occurred when he was in kindergarten. By simple math, the prosecution would have realized complainant was in kindergarten from September 2003 through June 2004, and that if the incident occurred in March, it must have been in 2004. [*Jones I,* at 6.]

This discrepancy was not resolved through the proofs presented at trial:

> At trial, in January 2007, complainant testified that he was in the third grade, and that he was in kindergarten and five years old when

---

[2] *People v Jones,* unpublished per curiam opinion of the Court of Appeals, issued August 12, 2008 (Docket No. 276690).

[3] *People v Jones,* 483 Mich 899 (2009). Justice CAVANAGH and myself were shown on the order as voting to deny leave to appeal.

[4] *People v Jones (On Remand)*, unpublished per curiam opinion of the Court of Appeals, issued September 22, 2009 (Docket No. 276690).

defendant assaulted him. Complainant's mother testified that complainant told her that the incident happened in May of 2003. Complainant testified that the incident occurred in March of 2003, but later testified that his grandfather had died before the incident. Several witnesses testified that complainant's grandfather died in January 2004. Complainant later testified that he started kindergarten in September 2003, and that the incident occurred in March of 2004. On the third and final day of trial, after all prosecution witnesses had testified and two of the four defense witnesses had testified, the prosecutor moved to amend the information to include the first six months of 2004. [*Jones I,* at 6.]

In arguing in support of the amendment, the prosecutor claimed that the charged date was an "oversight." The trial court permitted the amendment over defense objection.

A prosecutor must file an information stating the "time of the offense as near as may be."[5] A trial court may not permit the prosecutor to amend the information if it would "unfairly surprise or prejudice" the defendant.[6] Whether an amendment under MCR 6.112(H) prejudices a defendant depends both on the substance of the amendment and its timing.[7]

The Court of Appeals dissent found that the timing of the offense was a significant factor in the defense actually pursued, and therefore defendant had been prejudiced by the amendment to the information:

At trial, defendant's trial counsel presented a traditional innocence defense: he argued that the accusation against his client was false. In order to give substance to that defense, defendant's trial counsel sought to elicit testimony on cross-examination of the prosecution's witnesses that demonstrated the implausibility of the complainant's story. Specifically, defendant's trial counsel sought to show that the complainant's testimony about the timing of the alleged assault was inconsistent with evidence that defendant could not drive during that time period. By permitting the prosecution to amend the information to include a time period within which defendant could drive, the trial court significantly undermined defendant's trial counsel's efforts to attack the complainant's credibility based on the

---

[5] MCL 767.45(1)(b).

[6] MCR 6.112(H).

[7] See *People v Martin*, 482 Mich 851, 852 n4 (2008) (KELLY, J., *concurring*).

alleged timing of the offense. Because the trial court's decision to permit the amendment occurred after defendant's trial counsel had already pursued a defense based on the time specified in the original information, the amendment prejudiced defendant. Therefore, the trial court abused its discretion when it permitted the amendment. MCR 6.112(H). Further, given that this case was largely depended on the credibility of the complainant, I cannot conclude that the error was harmless. [*Jones II,* at 1 (M.J. KELLY, J., *dissenting*).]

I agree with the dissenting Judge. The prosecutor's witnesses consistently maintained that the offense occurred in March or May of 2003 when defendant drove complainant home from kindergarten. However, defendant demonstrated that the alleged assault could not have occurred in March or May of 2003. He did not have an ability to drive until the fall of 2003, well after the alleged incident took place. Furthermore, complainant did not start kindergarten until the fall of 2003.

The timing of the amendment to the information is especially troublesome in this case. The trial court allowed the information to be amended after all of the prosecution's witnesses and two of the four defense witnesses had testified. By then, the prosecution had closed its proofs and defendant was unable to cross-examine its witnesses. As the lead opinion in *Jones I* observed: "[There is] no question that the trial would have proceeded differently had the amendment been made timely." *Jones I* at 7. Had the information originally included the first six months of 2004, defendant would have had an opportunity to prepare and present a defense to include this time period.

Accordingly, I agree with the Court of Appeals dissenting opinion that the trial judge abused his discretion by allowing the challenged amendment to the information near the conclusion of the trial. I would grant leave to appeal.

CAVANAGH, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 21, 2010

s0518

Clerk